# IN THE COURT OF APPEALS OF IOWA

No. 13-2077
Filed March 11, 2015

**ARCHIE ROBERT BEAR,**
　　　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　　　Respondent-Appellee.
_____

　　　　Appeal from the Iowa District Court for Poweshiek County, Joel D. Yates,

Judge.


　　　　Archie Bear appeals the district court's summary dismissal of his third

application for postconviction relief. **AFFIRMED.**


　　　　Archie Robert Bear, Anamosa, appellant pro se.

　　　　Thomas J. Miller, Attorney General, Alexandra Link, Assistant Attorney

General, and Rebecca Petig, County Attorney, for appellee State.



　　　　Considered by Vogel, P.J., and Doyle and McDonald, JJ.

**VOGEL, P.J.**

Archie Bear appeals the district court's summary dismissal of his third application for postconviction relief. We conclude that Bear's *Heemstra* challenge is inapplicable to his conviction as well as being barred by claim preclusion; furthermore, the jury-instruction argument is barred by the statute of limitations, pursuant to Iowa Code section 822.3 (2013). Consequently, we affirm the dismissal of Bear's application.

On February 28, 2000, Bear was convicted of second-degree murder following a jury trial. His conviction was affirmed on direct appeal in 2001, and the denial of his first application for postconviction relief was affirmed by our court in 2007. *See Bear v. State*, No. 06-1048, 2007 WL 1689434 (Iowa Ct. App. June 13, 2007); *State v. Bear*, No. 00-0558, 2001 WL 293523 (Iowa Ct. App. Mar. 28, 2001). Our court also affirmed the denial of his second application, which challenged the nature of his conviction pursuant to *State v. Heemstra*, 721 N.W.2d 549 (Iowa 2006), claiming a due process violation. *See Bear v. State,* No. 08–1717, 2010 WL 625004 (Iowa Ct. App. Feb. 24, 2010).

Bear filed his third application for postconviction relief on May 6, 2013, in which he alleged the Iowa courts erred in dismissing his second application for postconviction relief pursuant to *Nguyen v. State*, 829 N.W.2d 183 (Iowa 2013), as he was now raising an equal protection violation based on *Heemstra*. His second claim asserted that he was indicted for premeditated murder "under Iowa law 707.2(1)" but that the jury instructions erroneously instructed under Iowa Code section 707.2(2), and this in turn violated his due process rights and

constituted an illegal sentence. The district court summarily dismissed his claims on October 21, 2013, following a hearing. Bear appeals.

We review a district court's summary dismissal for correction of errors at law. *See Nguyen*, 829 N.W.2d at 186.

Iowa Code section 822.3 requires that postconviction applications be filed "within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued," excepting "a ground of fact or law that could not have been raised within the applicable time period."

Upon review of the record, we conclude Bear's jury-instruction claim is time-barred; nor has he shown that an exception applies such that we could address the merits of his argument. His third application was filed nearly twelve years after his 2000 conviction became final. Moreover, no "ground of fact or law that could not have been raised within the applicable time period" exists, such that it would exempt this claim from being time-barred. *See* Iowa Code § 822.3.

Claim preclusion also bars Bear's *Heemstra* argument. Though he challenged his conviction in his second postconviction application through a due process claim, and he now challenges his conviction by asserting an equal protection claim based on *Heemstra* and *Nguyen*, he had the opportunity to fully and fairly litigate this constitutional challenge pursuant to the holding in *Heemstra* in his second application. Therefore, he cannot now litigate his equal-protection-*Heemstra* challenge in this third application. *See Pavone v. Kirke*, 807 N.W.2d 828, 835–36 (Iowa 2011) (noting claim preclusion bars a second suit when the

plaintiff had the opportunity to fully and fairly litigate the issue in the prior proceeding, even though the exact claim may not have been litigated).

We further agree with the State that, because Bear was convicted of murder in the second degree rather than first-degree murder, *Heemstra* and *Nguyen* are inapplicable. *See Heemstra*, 721 N.W.2d at 558 (holding if an act causing willful injury as a forcible felony is the same act that causes the victim's death, the former is merged into the murder and therefore cannot serve as the predicate felony for felony-murder purposes); *see also Nguyen*, 829 N.W.2d at 188 (reiterating the conclusion reached in *Heemstra* but remanding so the district court could decide whether various constitutional challenges barred the non-retroactivity of *Heemstra*); *State v. Goosman*, 764 N.W.2d 539, 545 (Iowa 2009) (noting the *Heemstra* court stated its holding was only applicable to the present case and those defendants whose direct appeal was pending, and further holding the non-retroactive application of the *Heemstra* decision did not violate federal due process rights).

Given this reasoning, the district court properly dismissed Bear's petition, and we affirm.

**AFFIRMED.**