# IN THE COURT OF APPEALS OF IOWA

No. 15-0345
Filed April 27, 2016

**RANDY DEAN JONES,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Mary Pat Gunderson,

Judge.

Randy Jones appeals the district court's denial of his application for

postconviction relief. **AFFIRMED.**

Andrew C. Abbott of Abbott Law Office, P.C., Waterloo, for appellant.

Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney

General, for appellee State.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**VAITHESWARAN, Presiding Judge.**

A jury found Randy Jones guilty of first-degree murder. Jones filed a direct appeal of his judgment and sentence, which was resolved against him. The appeal became final in 1997. Seventeen years later, Jones filed his fourth application for postconviction relief. He asserted the trial information and certain jury instructions were defective. The State moved for summary dismissal of the application on the ground it was time-barred. The district court granted the motion, and this appeal followed.

The law is clear. A postconviction-relief application "must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued" unless the application raises "a ground of fact or law that could not have been raised within the applicable time period." *See* Iowa Code § 822.3 (2013). Jones' fourth application, filed in 2014, concededly fell outside the three-year period. The question on appeal is whether the "ground of law" exception to the time-bar applied to Jones' claims.

## I.   *Trial Information*

Jones' appellate attorney contends his challenge to the trial information falls within the "ground of law" exception because the challenge implicates the subject matter jurisdiction of the court, an issue that may be raised at any time. *See DeVoss v. State*, 648 N.W.2d 56, 62 (Iowa 2002). However, in a pro se brief, Jones retracts this argument, stating he "no longer relies on 'subject matter jurisdiction' in this appeal." In light of his waiver of the issue, we question the need to reach this argument. Bypassing this concern, we are persuaded by a

litany of opinions holding defects in a trial information do not implicate the subject matter jurisdiction of the court. *See, e.g.*, *Fuhrmann v. State*, No. 14-1504, 2015 WL 8310020, at *1 (Iowa Ct. App. Dec. 9, 2015) (citing the trial court's rejection of an assertion that the trial information was not sufficiently specific to apprise defendant of the crime); *Cannon v. State*, No. 13-1661, 2015 WL 5278916, at *1 (Iowa Ct. App. Sept. 10, 2015) (rejecting a challenge to the sufficiency of the trial information); *Frasier v. State*, No. 12-1957, 2014 WL 69671, at *2-3 (Iowa Ct. App. Jan. 9, 2014) (rejecting an assertion that the trial information was so defective it did not charge an offense). These opinions address the precise defects Jones raises—the alleged failure of the trial information to include facts supporting each element of the crime and the alleged failure of the trial information to charge an offense. We conclude Jones' challenge to the trial information does not fall within the "ground of law" exception to the time-bar. *See Gonzalez v. State*, No. 11-0684, 2013 WL 263356, at *2 (Iowa Ct. App. Jan. 24, 2013) (concluding Gonzalez knew of defects in the trial information at the time of the underlying criminal proceeding and could have raised the defects at that time). The district court did not err in dismissing the claim.

## II.  *Jury Instructions*

We next address Jones' challenge to the jury instructions on felony murder and joint criminal conduct. He contends the instructions were inconsistent with subsequent opinions in *Schuler v. State*, 774 N.W.2d 294, 299 (Iowa 2009) and *State v. Smith*, 739 N.W.2d 289, 294 (Iowa 2007).

Jones specifically asserts the felony-murder instruction failed to require proof that his actions caused the victim's serious injury, as required in *Schuler*.

*See* 774 N.W.2d at 299.[1]  Jones raised this claim in a prior postconviction action, and we rejected it.  *See Jones v. State*, No. 12-0706, 2013 WL 4506167, at *2-3 (Iowa Ct. App. Aug. 21, 2013).  We stated, "An opinion that clarifies the law could be applied retroactively but, because it is simply a clarification rather than the announcement of a new rule of law, it could have been anticipated and raised within the three-year limitations period."  *Id.* at *3.  We continued,

> There is no question that *Schuler* clarified rather than changed the law.  Jones conceded this fact.  Accordingly, under *Nguyen* [*v. State*, 829 N.W.2d 185 (Iowa 2013)] and *Perez* [*v. State*, 816 N.W.2d 354 (Iowa 2012)], *Schuler* was a ground of law that could have been raised within the applicable time period.  It was not raised within three years of procedendo.  For that reason, the statute of limitations barred Jones's claim.  *See* Iowa Code § 822.3.

*Id.*  Our reasoning still holds true.  Because the "ground of law" exception to the time-bar is inapplicable to Jones' *Schuler* argument, the district court did not err in dismissing the claim.

Jones' challenge under *Smith* was not preserved for our review.  *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002).  Although he raised the issue in the postconviction court, he did not obtain a ruling.  However, even if he had preserved error, we would conclude the argument did not fall within the "ground of law" exception for the same reason as his *Schuler* argument.

### III.  Challenge to Legality of Sentence

Jones argues his sentence "is inherently illegal and void due to being in violation of the ex post facto [clauses] of the United States and Iowa Constitutions."  Specifically, he contends his sentence for life without parole is

---

[1] In his pro se brief, Jones raises a challenge to "Instruction No. 38."  This, too, appears to be a challenge grounded in *Schuler*.

inherently illegal because his conviction for first-degree felony murder "is not supported by an underlying forcible felony to which his jury found guilt." This issue was not raised in the district court. However, challenges to the legality of a sentence, if they are indeed that, may be raised at any time. *See State v. Bruegger*, 773 N.W.2d 862, 870 (Iowa 2009).

This is not such a challenge. It is a challenge to the sufficiency of the evidence supporting the jury's finding of guilt. *See Gonzalez*, 2013 WL 263356, at *3 (noting Gonzalez raised a challenge to the underlying conviction, not a challenge to the legality of the sentence). Because this claim could have been raised within the section 822.3 limitations period, it is time-barred.

We conclude the district court did not err in dismissing Jones' fourth postconviction-relief application as time-barred.

**AFFIRMED.**