**IN THE COURT OF APPEALS OF IOWA**

No. 13-0159
Filed April 27, 2016

**DEVALS NELSON,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Scott County, David H. Sivright,

Judge.

        Devals Nelson appeals from the summary dismissal of his second

application for postconviction relief.  **AFFIRMED.**

        Micki M. Mayes of Micki M. Mays Law Firm, Davenport, for appellant.

        Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney

General, for appellee State.

        Considered by Danilson, C.J., and Vogel and Potterfield, JJ.

**DANILSON, Chief Judge.**

Devals Nelson appeals from the summary dismissal of his second application for postconviction relief (PCR), contending he was entitled to develop his additional claims fully and have a hearing. Finding no error, we affirm.

The background facts for Nelson's convictions of first-degree murder, willful injury resulting in serious injury, and assault causing bodily injury are set out in our opinion from Nelson's original appeal:

> On the evening of November 20, 2004, Alvern Kensinger was spending some time with his fiancé, Lisa Taylor. At some point, Kensinger received a telephone call from Stephen Toliver. Toliver, who is known as "P," is the brother of the Devals Nelson. Following the call, Kensinger and Taylor drove Taylor's 1991 Jeep Cherokee to an alley near Sixth and Perry in Davenport. They arrived in the alley sometime between 10:00 and 10:30 p.m. and parked the vehicle.
> According to Taylor, Kensinger got out of the vehicle as Toliver approached the Jeep. While Toliver and Kensinger were talking in the alley, Nelson ran up to them and started shooting at Kensinger. Kensinger fled back to the Jeep. As he and Taylor began to drive away, bullets hit the vehicle, shattering the passenger-side window. Two bullets hit Taylor. One struck her in the leg and the other in the abdomen. Kensinger was shot in the head. He died as a result of the gunshot wound.

*State v. Nelson*, No. 05-0882, 2006 WL 1896308, at *1 (Iowa Ct. App. July 12, 2006) (footnotes omitted). On appeal, Nelson claimed trial counsel was ineffective. This court rejected the claims, but also concluded:

> Even if we assume without deciding that Nelson's trial counsel breached an essential duty by failing to object to the prosecutor's closing argument, we find he was not prejudiced by the omission. Three witnesses identified Nelson as the shooter, and witnesses also saw Nelson in possession of a gun before and after the murder. We conclude there is no reasonable probability that, but for counsel's failure to object to the closing argument, Nelson would have been acquitted.

*Id.* at *3. Procedendo issued September 27, 2006.

Nelson filed his first PCR application on February 13, 2007, asserting several more claims of ineffective assistance of trial counsel. A hearing was held, and the district court concluded the grounds raised were without merit. The PCR court additionally noted:

> The evidence in Mr. Nelson's case was overwhelming. Since Ms. Taylor survived the attack, she was able to give eyewitness damaging testimony against Mr. Nelson. She testified at trial she was 100 percent sure that Mr. Nelson was the shooter. Other witnesses identified him as the shooter also.

He appealed the denial of the PCR application. His appeal was dismissed as frivolous on June 17, 2010.

Nelson, pro se, filed a second PCR application in February 2011, asserting numerous errors at his criminal trial. The State moved to dismiss the application on the grounds it was filed beyond the three-year period allowed in Iowa Code section 822.3 (2011)[1] and the claims could have been raised in the earlier PCR proceeding and were thus barred by section 822.8.[2] Nelson was appointed an attorney, who conceded section 822.8 was applicable. The district court dismissed the action on January 9, 2013.

---

[1] Iowa Code section 822.3 requires all PCR applications be filed within three years from the date of the conviction or final decision, or in the event of an appeal, three years from when procedendo issued, unless the applicant establishes "a ground of fact or law that could not have been raised within the applicable time period." *See, e.g.*, *Nguyen v. State*, 829 N.W.2d 183, 187 (Iowa 2013) (holding the applicant could not have argued a ruling should apply retroactively until the ruling was entered).

[2] Section 822.8 provides:

> All grounds for relief available to an applicant under this chapter must be raised in the applicant's original, supplemental or amended application. Any ground finally adjudicated or not raised, or knowingly, voluntarily, and intelligently waived in the proceeding that resulted in the conviction or sentence, or in any other proceeding the applicant has taken to secure relief, may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application.

Nelson appealed. Appointed counsel argues the court should have allowed additional time for Nelson to more fully develop his claims. On September 14, 2015, Nelson filed a pro se brief, asserting the jury instructions on willful injury and murder were flawed and thus the criminal court entered sentence on a void judgment.

"Generally, postconviction relief proceedings are reviewed for correction of errors at law." *Reilly v. Iowa Dist. Ct.*, 783 N.W.2d 490, 493 (Iowa 2010). We review constitutional claims de novo. *See id.*

We find no error in the summary dismissal of Nelson's claims. *See* Iowa Code § 822.6 (allowing summary dismissal where no purpose would be served by further proceedings). His claims of trial error in the second PCR application were barred by both sections 822.3 and 822.8. His late-filed pro se appeal brief raises new and different issues. They do not, as asserted, raise concerns about the subject matter jurisdiction of the trial court or about an illegal sentence. We affirm.

**AFFIRMED.**