# IN THE COURT OF APPEALS OF IOWA

No. 14-2103
Filed November 9, 2016

**MICHAEL A. DAVIS,**
　　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　　Respondent-Appellee.

_____

Appeal from the Iowa District Court for Scott County, J. Hobart Darbyshire, Judge.

Michael Davis appeals from the district court order dismissing his application for postconviction relief. **AFFIRMED.**

Christopher M. Soppe of Pioneer Law Office, Dubuque, for appellant.

Thomas J. Miller, Attorney General, and Sheryl A. Soich, Assistant Attorney General, for appellee State.

Considered by Danilson, C.J., and Mullins and Bower, JJ.

**DANILSON, Chief Judge.**

Michael Davis appeals from the district court order dismissing his application for postconviction relief (PCR). The hearing on the application was held on December 1, 2014. Davis was convicted of first-degree kidnapping, second-degree sexual abuse, and aggravated assault in 1997. Davis filed this second PCR application on August 25, 2014, asserting the judgment entered upon his conviction is void because the kidnapping statute is unconstitutionally vague. The State filed a motion to dismiss the PCR application for failure to file within the three-year statute of limitations. *See* Iowa Code § 822.3 (2013). Davis argued the statute of limitations did not apply because his claims were based on a new ground of law and could not have been raised within the requisite three-year period.

Davis' PCR application asserted *Hatter v. Warden, Iowa Men's Reformatory*, 734 F. Supp. 1505, 1512-13 (N.D. Iowa 1990)—holding the kidnapping statute was not unconstitutionally vague as interpreted by the Iowa Supreme Court—"was very new law" at the time of the 1997 trial. Therefore, trial counsel would not have raised the issue regarding the vagueness of the kidnapping statute. However, in light of "drastic changes in recent years" to Iowa criminal law, Davis requested the district court consider whether the kidnapping statute provisions were unconstitutionally vague. The district court dismissed Davis' PCR application, holding:

> In both [Davis'] prior direct appeal and his prior postconviction-relief action constitutional issues were asserted and argued and his present constitutional claim was available then. No new legal authority suggests his sentence was in any way illegal or that the sentencing court lacked 'inherent power' to impose the sentence it

did.  No constitutional issue is presented that suggests a new basis for relief.  Nothing in this new postconviction case rises to the level of a fact or law that could not have been raised within the applicable time period, and the court concludes there is no genuine issue of material fact and the State is entitled to judgment as a matter of law.

We agree the PCR application was untimely, and affirm the district court order dismissing the application.

To the extent Davis now raises arguments on appeal based on the holding in *State v. Robinson*, 859 N.W.2d 464 (Iowa 2015), error is not preserved. *Robinson* was decided in 2015 and was not raised before or addressed by the district court.  Thus, we will not consider the issue on appeal.  *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").

On our review for correction of errors at law, *Nguyen v. State*, 829 N.W.2d 183, 186 (Iowa 2013), we find the district court did not err in dismissing Davis' PCR application.  We therefore affirm.

**AFFIRMED.**