# IN THE COURT OF APPEALS OF IOWA

No. 15-1817
Filed March 8, 2017

**ENRIQUE ABOITES GARCIA,**
　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　Respondent-Appellee.
_____


Appeal from the Iowa District Court for Polk County, Rebecca Goodgame

Ebinger, Judge.


Enrique Garcia appeals from the district court's dismissal of his third

application for postconviction relief. **AFFIRMED.**



Erin M. Carr of Carr & Wright, P.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Kyle Hanson, Assistant Attorney

General, for appellee State.



Considered by Danilson, C.J., Vaitheswaran, J., and Goodhue, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**DANILSON, Chief Judge.**

Enrique Garcia appeals from the district court's dismissal of his third application for postconviction relief (PCR). Garcia contends the district court erred in granting the State's motion for summary judgment on the basis the PCR application was not filed within the three-year statute of limitations. We conclude the district court did not err in dismissing the PCR application as time-barred.

Garcia was convicted of first-degree murder in 1998. Garcia appealed, the conviction was affirmed by the supreme court, *see State v. Garcia*, 622 N.W.2d 512 (Iowa 2000), and procedendo issued December 21, 2000. Garcia filed his first PCR application in 2001, *see Garcia v. State*, No. 05-1013, 2009 WL 1066520 (Iowa Ct. App. Apr. 22, 2009), and second in 2010, *see Garcia v. State*, No. 12-0690, 2013 WL 4506509 (Iowa Ct. App. Aug. 21, 2013), both of which were denied. Garcia filed this PCR application on September 12, 2014, and filed the amended PCR application on March 16, 2015. In a March 18, 2015 motion for summary judgment, the State asserted the PCR application was not timely pursuant to Iowa Code section 822.3 (2014). Section 822.3 provides PCR applications must

> be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued. However, this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period.

Garcia argued *Nguyen v. State*, 829 N.W.2d 183 (Iowa 2013), and *Jones v. State*, No. 12-0706, 2013 WL 4506167 (Iowa Ct. App. Aug. 21, 2013), created a new ground of law regarding the limitations period upon which Garcia may now assert a claim related to the jury instructions given in his criminal trial under *State*

*v. Smith*, 739 N.W.2d 289 (Iowa 2007). However, the district court determined "Garcia's arguments are based on the holding of *Smith*, decided in 200[7], rather than *Nguyen*, decided in 2013." The court found Garcia's claims based on *Smith* were time-barred and granted the State's motion for summary judgment. Garcia now appeals.

Garcia asserts his argument that *Smith* should apply retroactively to his conviction could not have been successfully raised prior to the holdings of *Jones* and *Nguyen*. Therefore, Garcia contends his PCR application, filed within three years of *Jones* and *Nguyen*, is not time-barred.

However, this court has previously determined in *Burkett v. State* that *Nguyen* did not create a change in law for purposes of the section 822.3 statute of limitations. No. 14-0998, 2015 WL 5278970, at *3 (Iowa Ct. App. Sept. 10, 2015). In *Burkett*, the court held, "Because *Nguyen* did not announce a change in the law, we conclude [PCR applicant]'s attempt to avail himself of an implied limitation period to raise a 'ground of law' exception to the statutory time-bar, beginning on the date *Nguyen* was decided, necessarily fails." *Id.*

Further, *Jones* stands for the proposition that "[a]n opinion that clarifies the law could be applied retroactively but, because it is simply a clarification rather than the announcement of a new rule of law, it could have been anticipated and raised within the three-year limitations period." 2013 WL 4506167, at *3. Under this reasoning, if *Smith* was only a clarification of law, claims based on the holding in *Smith* could only have been raised by Garcia within three years of the

issuance of procendendo and are now barred by section 822.3.[1]  Conversely, if *Smith* created a new ground of law, Garcia could have raised a claim based on *Smith* within three years of the decision.

It is notable that Garcia did not raise claims related to the holding in *Smith* in his 2010 PCR application.  Moreover, Garcia filed this PCR application nearly fifteen years after the issuance of procedendo and nearly six years after the decision in *Smith*.  *Jones* and *Nguyen* did not create a new ground of law upon which Garcia may base this PCR application asserting claims relying on the holding of *Smith*.  The new-ground-of-law exception does not apply to circumvent the three-year statute of limitations in this case.

On our review for correction of errors at law, *see Harrington v. State*, 659 N.W.2d 509, 519 (Iowa 2003), we conclude the district court did not err in granting the State's motion for summary judgment and dismissing Garcia's PCR application on the basis it was barred by the section 822.3 statute of limitations.[2]

**AFFIRMED.**

---

[1] But of course, Garcia could not have raised this issue within three years of the procedendo as *Smith* was filed in 2007, well after the filing of the procedendo.
[2] We have also reviewed the arguments stated in the pro se supplemental brief and pro se supplemental reply brief and conclude they are without merit.