# IN THE SUPREME COURT OF IOWA

No. 10–2037

Filed March 22, 2013

**PHUOC THANH NGUYEN,**

    Appellant,

vs.

**STATE OF IOWA,**

    Appellee.

---

Appeal from the Iowa District Court for Polk County, Michael D. Huppert, Judge.

An applicant for postconviction relief appeals from the dismissal of his application on statute of limitations grounds. **DISTRICT COURT ORDER REVERSED AND CASE REMANDED.**

Mark C. Smith, State Appellate Defender, and Vidhya K. Reddy, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Thomas S. Tauber, Assistant Attorney General, John P. Sarcone, County Attorney, and George N. Karnas, Assistant County Attorney, for appellee.

**MANSFIELD, Justice**.

An individual convicted of first-degree murder sought postconviction relief after the three-year statute of limitations set forth in Iowa Code section 822.3 (2009) had expired, but within three years of our decision in *State v. Heemstra,* 721 N.W.2d 549 (2006). The gist of his argument is that it would be unconstitutional not to apply *Heemstra* retroactively to his case.

The State moved for summary disposition based on the three-year statute of limitations. The district court granted the motion. We now reverse because the applicant has raised "a ground of fact or law that could not have been raised within the applicable time period." *See* Iowa Code § 822.3.

## I. Facts and Procedural Background.

In 1999, Phuoc Thanh Nguyen was convicted of first-degree murder and sentenced to life in prison without parole. On direct appeal, the court of appeals set out the following facts underlying his conviction:

> The jury could have found the following facts from the trial record in this case. On the afternoon of July 15, 1998, Nguyen and Dao approached "The Cloud," a Des Moines bar. Dao exited the car and expressed his interest in purchasing an ounce of cocaine. While Nguyen stayed near the car, several individuals accompanied Dao into an alley where he was beaten and robbed. After the robbery, Dao left the area on foot and Nguyen departed in the vehicle.
>
> Later the same day, a car approached The Cloud and one or more of its occupants fired several gunshots into a crowd of people standing outside the bar. Monty Thomas was fatally shot. Two witnesses recorded the license plate of the vehicle in which the gun-toting assailants rode. When law enforcement officers stopped the vehicle later that evening, Nguyen was driving with Dao as his passenger. Dao and Nguyen were charged with first-degree murder. The defendants were tried separately.
>
> . . . .

Witness testimony linked Nguyen to the incident before, during, and after the shooting. The testimony of Rodney Martin placed Dao and a man who looked like Nguyen at The Cloud shortly before the shooting. While the man resembling Nguyen remained in the driver's seat of the car parked near the bar, Dao and a third individual solicited drugs from Martin. Martin testified Dao was beaten and robbed following the unsuccessful cocaine purchase, and Nguyen and the third person drove away from the bar. Confirming this testimony, Owen Smith described a conversation he had with Nguyen while Dao was in the alley attempting to purchase drugs. Smith testified he spoke to Nguyen for ten to fifteen minutes before Nguyen left the scene.

Nguyen was also recognized as the driver of the car that arrived at The Cloud transporting the armed participants in the shooting. Elgin Byron, a teller at the local bank where Nguyen was a regular customer, identified Nguyen as the driver of the car involved in the shooting. He recalled the black Mitsubishi Nguyen drove to the bar on the day in question as the same car Nguyen had brought to the bank on prior occasions. Shawn Duncan, who also observed the black automobile, identified Dao as an occupant of the car who fired a gun in his direction. Similarly, David Gray witnessed Dao shooting from the black car. Gray noted the car's license plate number, which matched that of the car Nguyen and Dao were arrested in later that evening.

After the shooting, law enforcement officers observed a black Mitsubishi matching the description of the vehicle and license plate number given by eyewitnesses to the crime. Upon stopping the car, they arrested its driver, Nguyen, and the vehicle's backseat passenger, Dao. Two bullet holes in the vehicle's trunk were of a size consistent with the .45 caliber casings found outside The Cloud. The man who loaned the black Mitsubishi to Nguyen testified the first time he noticed the trunk bullet holes was upon recovering his car from police after Nguyen's arrest. Lastly, Nguyen made an incriminating statement regarding his involvement in the shooting. An officer testified upon telling Nguyen he was being arrested for his role in The Cloud homicide, Nguyen replied "all he did was drive the car."

*State v. Nguyen*, No. 99–1444, 2002 WL 575746, at *1–2 (Iowa Ct. App. Mar. 13, 2002).

The court instructed the jury that they could find Nguyen guilty of first-degree murder under either of two alternatives: first, if he or

someone he aided and abetted acted willfully, deliberately, premeditatedly, and with a specific intent to kill Monty Thomas; second, if he was participating in the forcible felony of terrorism.[1] The jury found Nguyen guilty of first-degree murder.

On direct appeal, Nguyen raised insufficiency of the evidence, a number of evidentiary and confrontation clause issues, and ineffective assistance of counsel. The court of appeals affirmed his conviction, and procedendo issued on May 30, 2002.

On August 22, 2002, Nguyen filed his first application for postconviction relief. He argued principally that his trial counsel had been ineffective in failing to object to certain prosecutor questions. The district court granted his application and ordered a new trial. The State appealed, and both the court of appeals, and on further review our court, reversed the district court. *Nguyen v. State*, 707 N.W.2d 317, 322, 326–28 (Iowa 2005). We concluded that Nguyen had not established the required prejudice to support his ineffective assistance claim. *Id.* at 326–28. Procedendo issued on January 19, 2006.

---

[1]*See* Iowa Code § 708.6 (1997). The offense of "Terrorism" was renamed "Intimidation with a dangerous weapon" in 2002. 2002 Iowa Acts ch. 1075, § 8. The relevant instruction given to the jury at Nguyen's trial read as follows:

> The State must prove all of the following elements of Murder In The First Degree:
>
> 1. On or about the 15th day of July, 1998, the Defendant or a person he aided and abetted shot Monty Thomas.
>
> 2. Monty Thomas died as a result of being shot.
>
> 3. The Defendant acted with malice aforethought.
>
> 4a. The Defendant or someone he aided and abetted acted willfully, deliberately, premeditatedly, and with a specific intent to kill Monty Thomas; or
>
> 4b. The Defendant was participating in the forcible felony of Terrorism.

On August 25, 2006, we issued our decision in *Heemstra.* There we overruled a series of cases which had held that an act causing willful injury and also causing the victim's death could serve as the predicate felony for felony-murder. *Heemstra,* 721 N.W.2d at 558. That is, we held that "if the act causing willful injury is the same act that causes the victim's death, the former is merged into the murder and therefore cannot serve as the predicate felony for felony-murder purposes." *Id.*

Because the jury in *Heemstra* (as in the present case) had been instructed both on a felony-murder theory and on a premeditation theory of first-degree murder while rendering a general verdict of guilty, we had "no indication as to which basis of guilt the jury accepted," and therefore had to reverse and remand. *Id.* at 559, 552. We added, however, that our newly announced merger rule "shall be applicable only to the present case and those cases not finally resolved on direct appeal." *Id.* at 558. In other words, our decision would not apply retroactively to cases where the defendant's conviction and sentence had previously become final.

Nguyen applied again for postconviction relief on April 2, 2009, more than three years after procedendo had issued on his original direct appeal, but less than three years after *Heemstra.* This time, he argued his conviction should be vacated because (1) *Heemstra* would not have allowed him to be convicted of felony-murder, and (2) *Heemstra* should be applied retroactively. Meanwhile, on April 17, 2009, we decided *Goosman v. State,* 764 N.W.2d 539 (Iowa 2009). There we reiterated that limiting *Heemstra* to prospective application did not violate federal due process. *See id.* at 542–45.

Counsel was appointed for Nguyen in the postconviction relief proceeding, but she moved to withdraw on the ground that "she ha[d] not found a legal basis to proceed." Her motion was granted, and another

counsel was appointed. Nguyen's new counsel then moved to withdraw for the same reason. His motion was denied. Thereafter, on October 6, 2010, the State moved for summary disposition, asserting that Nguyen's postconviction relief application was barred by the three-year statute of limitations for such actions. *See* Iowa Code § 822.3.

Nguyen resisted the State's motion. He argued that *Heemstra* represented "a dramatic change in criminal law" that "was not previously available to Applicant." He also argued that the retroactivity of *Heemstra* was required by the equal protection, due process, and separation of powers clauses of the Iowa Constitution as well as the Equal Protection Clause of the United States Constitution—grounds that had not been addressed in *Goosman.*

The district court granted the State's motion. It observed:

> The problem with [Nguyen's] argument is that it fails to acknowledge the line of cases that led up to *Heemstra* that would have alerted trial counsel that such an argument (the scope of predicate offenses under the felony-murder rule) was potentially viable . . . The prior criticism of the felony-murder rule that was eventually adopted in *Heemstra* was equally available to counsel in the applicant's case during the three-year period established in § 822.3. Accordingly, this was a ground that could have been urged during this period.

Thus, the court found that the three-year limitations bar applied. Nguyen appeals.

## II. Standard of Review.

"Our review of the court's ruling on the State's statute-of-limitations defense is for correction of errors of law." *Harrington v. State,* 659 N.W.2d 509, 519 (Iowa 2003). "Thus, we will affirm if the trial court's findings of fact are supported by substantial evidence and the law was correctly applied." *Id.* at 520.

### III.  Legal Analysis.

Section 822.3 provides that its three-year limitations period "does not apply to a ground of fact or law that could not have been raised within the applicable time period."  Iowa Code § 822.3.  Nguyen argues his application for postconviction relief falls within this exception.  Simply stated, he insists his argument that *Heemstra* should apply retroactively could not have been raised until 2006 when *Heemstra* was decided.

Many of the State's responses to Nguyen's appeal raise potential alternative grounds for affirming the dismissal of Nguyen's application for postconviction relief.  The State contends that *Heemstra* was wrongly decided and should not apply here.  The State also maintains that *Heemstra* should not apply to a felony-murder conviction when the underlying felony was terrorism (now known as "intimidation with a dangerous weapon") rather than willful injury.  The State reasons, "As the act punished as intimidation with a dangerous weapon is sufficiently separate from any death that results, intimidation is an appropriate predicate felony in a prosecution for felony murder."  To the extent we said otherwise in *State v. Millbrook*, the State urges us to overrule that decision.  *See* 788 N.W.2d 647 (Iowa 2010).

Additionally, the State contends that Nguyen's equal protection and separation of powers arguments are without merit.  The State adds, "[T]his Court should address and reject Nguyen's claims now."

We decline to reach any of these State arguments, however, because they were not asserted below.  *See DeVoss v. State*, 648 N.W.2d 56, 63 (Iowa 2002) ("[W]e will not consider a substantive or procedural issue for the first time on appeal.").

Instead, we turn now to the question that was raised below and is now before us—namely, whether Nguyen is asserting a "ground of fact or law that could not have been raised" before 2006. *See* Iowa Code § 822.3. On one level, the answer is obvious. Nguyen's postconviction relief argument essentially makes two assertions: (1) *Heemstra* requires his first-degree murder conviction to be reversed, *because* (2) the holding applies retroactively. Nguyen's second assertion—that the Iowa and federal constitutions require retroactive application of *Heemstra*—is necessary to his overall argument for postconviction relief. He could not have made his argument without calling for retroactivity, and he could not have done that before we decided *Heemstra*.

But on another level, as suggested by the district court's analysis, the answer may be less clear. Assume for the sake of argument that section 822.3 required Nguyen to raise a challenge to the application of the felony-murder rule to his case—i.e., to anticipate *Heemstra*—within three years of his conviction becoming final. If that were the case, then it would be odd for that deadline to be *revived* by *Heemstra* if Nguyen had never asserted a felony-murder challenge in the first place. To put it another way, Nguyen is still making the same basic argument that the jury should not have been instructed on a felony-murder alternative. If that argument is untimely and had never been asserted in a timely fashion, perhaps it should not become timely just because a 2006 decision supports that argument and the applicant contends the decision must be applied retroactively for constitutional reasons.

The State's position is somewhat Januslike. At one point, the State contends that Nguyen should have challenged his felony-murder instruction within three years of his conviction and, therefore, an argument based on *Heemstra* is time-barred. Elsewhere, the State states

it "now believes that the better analysis is that Nguyen's equal protection and separation of powers claims could not have been raised until *Heemstra* was decided, and that Iowa Code section 822.3 does not bar those claims." Yet the State acknowledges that in two previous unpublished cases, it persuaded the court of appeals that section 822.3 barred the applicant from raising constitutional challenges to the nonretroactivity of *Heemstra*. *See Bennett v. State*, No. 08–1157, 2010 WL 1375346 at *4 (Iowa Ct. App. Apr. 8, 2010); *Jones v. State*, No. 09–0119, 2010 WL 200047 at *4 (Iowa Ct. App. Jan. 22, 2010).

Our view is that section 822.3 does not bar Nguyen's constitutional claims. When Nguyen was tried and convicted in 1999, a consistent line of authority had upheld the use of a felony-murder instruction even in cases where the felony and the murder were the same act. *See State v. Anderson*, 517 N.W.2d 208, 214 (Iowa 1994); *State v. Rhomberg*, 516 N.W.2d 803, 805 (Iowa 1994); *State v. Ragland*, 420 N.W.2d 791, 793 (Iowa 1988); *State v. Mayberry*, 411 N.W.2d 677, 682–83 (Iowa 1987); *State v. Beeman*, 315 N.W.2d 770, 776–77 (Iowa 1982). In *Heaton v. State*, we specifically rejected a due process challenge to the State's use of a felony-murder charge in a terrorism case where the act of terrorism and the homicide were "one and the same act." 420 N.W.2d 429, 430–31 (Iowa 1988). *Heaton*, like the present case, involved an assailant who fired shots into a place where people were gathered (in that case a bar). *Id.* at 430.

Although our felony-murder rule as set forth in these cases had been criticized, *see Heemstra*, 721 N.W.2d at 555–56, it was clearly controlling precedent at the time. Our *Heemstra* decision was not simply a "clarification of the law" or "an application of preexisting law." *See Perez v. State*, 816 N.W.2d 354, 360–61 (Iowa 2012) (holding that if the

United States Supreme Court's *Padilla* decision was a clarification or application of existing law, the three-year limitations period in section 822.3 applied). It expressly overruled the prior law. From 2002, when Nguyen's conviction became final, until 2005, when the three-year limitations period expired, Nguyen could not have successfully raised the argument in district court that it was improper to instruct the jury on felony-murder, because we had squarely held to the contrary.

In our view, a ground of law that had been clearly and repeatedly rejected by controlling precedent from the court with final decision-making authority is one that "could not have been raised" as that phrase is used in section 822.3. Any legal argument (at least in theory and subject to the rules of professional conduct) can be raised in any case. Yet, section 822.3 contemplates that *some* legal grounds exist that "could not have been raised" within the three-year limitations period. Thus, section 822.3 must incorporate the notion that there had to be a possibility of success on the claim. It must envision a category of legal claims that were viewed as fruitless at the time but became meritorious later on. We believe a claim that Nguyen's felony-murder instruction was improper falls into this category.

The State urges at one point that section 822.3 bars any claim the defendant "should have at least been alerted to." *See Wilkins v. State*, 522 N.W.2d 822, 824 (Iowa 1994). But *Wilkins* involved a very different kind of claim—relating to facts that the defendant knew about the entire time (but whose legal consequences his allegedly ineffective counsel failed to pursue)—rather than a change in the law. *Id.* *Wilkins* does not support the proposition that a legal ground that was meritless under existing law had to be asserted simply because the defendant or its counsel might have been aware of it. To the contrary, *Wilkins* cited with

approval the court of appeals' decision in *State v. Edman*. *Id.* at 824 (citing *State v. Edman*, 444 N.W.2d 103, 106 (Iowa Ct. App. 1989)). In *Edman*, the court interpreted section 822.3 (then found in a different section of the code) as allowing for a review of the conviction "if there has been a change in the law that would [a]ffect the validity of the conviction." 444 N.W.2d at 106.

## IV. Conclusion.

For the foregoing reasons, we reverse the district court's dismissal of Nguyen's postconviction relief application on statute of limitations grounds. We remand for further proceedings on whether retroactive application of *Heemstra* is required by the equal protection, due process, and separation of powers clauses of the Iowa Constitution, or the Equal Protection Clause of the United States Constitution.

**DISTRICT COURT ORDER REVERSED AND CASE REMANDED.**