## IN THE COURT OF APPEALS OF IOWA

No. 14-0138
Filed March 25, 2015

**OWENS THOMPSON,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Robert B. Hanson, Judge.

Appellant appeals summary dismissal of his application for postconviction relief. **AFFIRMED.**

Thomas P. Graves of Graves Law Firm, P.C., Clive, for appellant.

Owens Thompson, Fort Madison, appellant pro se.

Thomas J. Miller, Attorney General, Linda J. Hines, Assistant Attorney General, John P. Sarcone, County Attorney, and Steven Foritano, Assistant County Attorney, for appellee.

Considered by Vogel, P.J., and Doyle and McDonald, JJ.

**MCDONALD, J.**

Owens Thompson was convicted of murder in the first degree, in violation of Iowa Code sections 707.1, 707.2(2) and (5), and 726.6(a) (1995). He filed a direct appeal of his conviction and sentence, asserting several claims for relief, all of which were denied. *See State v. Thompson*, 570 N.W.2d 765 (Iowa 1997). Procedendo issued on January 12, 1998. In April 2012 Thompson filed an application for postconviction relief. The district court dismissed Thompson's application on the ground that it was time barred pursuant to the three-year statute of limitations set forth in Iowa Code section 822.3 (2011). Thompson filed this appeal.

"Our review of the court's ruling on the State's statute-of-limitations defense is for correction of errors of law." *Nguyen v. State*, 829 N.W.2d 183, 186 (Iowa 2013). "Thus, we will affirm if the trial court's findings of fact are supported by substantial evidence and the law was correctly applied." *Id.*

Iowa Code section 822.3 provides that an application for postconviction relief "must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued. However, this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period." Thompson argues his application rests on a ground of law that could not have been raised within the applicable time period. Specifically, Thompson argues his conviction is in violation of *State v. Heemstra*, 721 N.W.2d 549, 558 (Iowa 2006), in which the supreme court overruled a long line of cases and held "if the act causing willful

injury is the same act that causes the victim's death, the former is merged into the murder and therefore cannot serve as the predicate for felony-murder purposes." In *Nguyen v. State*, 829 N.W.2d 183 (Iowa 2013), the supreme court held that a *Heemstra* challenge to felony murder jury instructions fell within the new-ground-of-law exception to the statute of limitations. *See id.* at 188-89. Implicit in that holding, however, was the requirement that the postconviction-relief application asserting such a claim be filed within three years of the *Heemstra* decision. *See Nguyen*, 829 N.W.2d at 186 (stating the postconviction-relief application was filed less than three years after *Heemstra*). Here, Thompson did not file his application within three years of the *Heemstra* decision. Accordingly, the district court did not err in dismissing the application.

Thompson also argues the district court violated his due process rights by summarily dismissing his application for postconviction relief without holding a hearing. We conclude the claim is without merit; Thompson filed an application for summary disposition on the written record.

We have considered each of the parties' arguments, whether explicitly discussed herein, and we affirm the judgment of the district court without further opinion. *See* Iowa Court Rule 21.26(1).

**AFFIRMED.**