# IN THE COURT OF APPEALS OF IOWA

No. 15-0420
Filed February 10, 2016

**DANIEL RAY,**
    Applicant-Appellant,

**STATE OF IOWA,**
    Respondent-Appellee.

_____

Appeal from the Iowa District Court for Linn County, Lars G. Anderson, Judge.

The applicant appeals the district court's denial of his request for postconviction relief from his conviction for third-degree sexual abuse. **AFFIRMED.**

John J. Bishop, Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, and Kevin Cmelik and Kelli Huser, Assistant Attorneys General, for appellee.

Considered by Vaitheswaran, P.J., Mullins, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**SCOTT, Senior Judge.**

Daniel Ray appeals the district court's denial of his request for postconviction relief from his conviction for third-degree sexual abuse. We conclude the district court did not err in determining Ray's application was untimely, as it was filed more than sixteen years after he was sentenced. We affirm the decision of the district court denying Ray's request for postconviction relief.

### I.      Background Facts & Proceedings

Based on his guilty plea, Ray was convicted of sexual abuse in the third degree, in violation of Iowa Code section 709.4(1) (1997). On March 14, 1997, he was sentenced to a term of imprisonment not to exceed ten years. The sentencing order advised Ray the offense was a sexually predatory offense, as defined in section 901A.1. The order does not mention the sex offender registry. Ray did not appeal his conviction.

At the time Ray was sentenced, section 692A.2(2) provided a person who had been convicted of an offense that would qualify the person as a sexually violent predator was required to register as a sex offender "for an indeterminate period terminating only upon a determination by the sentencing court that registration is no longer required." Other sex offenders, who were not sexually violent predators, were required to register for a period of ten years. Iowa Code § 692A.2(1).

In 1999, section 692A.2 was amended to provide, "A person who has been convicted of an offense under the laws of this state or of another state

which would qualify the person as a sexually violent predator shall register as provided in this chapter for life." 1999 Iowa Acts ch. 112, § 6. The provision concerning the duration of registration was amended in 2009 and renumbered as section 692A.106. 2009 Iowa Acts ch. 119, § 6. Section 692A.106(6) (2013) provides, "A sexually violent predator shall register for life."

Ray filed an application for postconviction relief on October 29, 2013, claiming his constitutional rights had been violated because at the time he was sentenced he was required to register as a sex offender for ten years, but the legislature amended the requirement to lifetime registry. He also claimed that he received ineffective assistance because at the time he entered his guilty plea, defense counsel did not advise him he would be required to register as a sex offender for life.

A postconviction hearing was held on January 28, 2015. The State claimed Ray's application was untimely under section 822.3. The district court found "Ray's application was not timely filed, and that his claims are barred and should be dismissed." The court then addressed the merits of Ray's claims, finding Ray had not shown he received ineffective assistance because at the time he was sentenced there was no requirement for lifetime registration on the sex offender registry, so he was not misadvised by counsel. The court also concluded:

> With respect to Ray's constitutional and other claims, the focus at trial was on the ineffective assistance of counsel claim. However, the Iowa Supreme Court has clearly held that the provisions of the sex offender registry law are not punitive in nature and, therefore, are not ex post facto. *State v. Pickens*, 558 N.W.2d

396, 400 (Iowa 1997). Ray is, therefore, not entitled to relief because of a change to the registry requirements.

Ray now appeals the district court decision denying his request for postconviction relief.

## II.  Timeliness of Application

The State asserts Ray's application is untimely under section 822.3, and contends this bars consideration of the merits of his claims. Section 822.3 provides that an application for postconviction relief "must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." Ray was sentenced on March 14, 1997, and his application for postconviction relief was filed on October 29, 2013, more than sixteen years later. The application is thus untimely unless it comes within the exception for "a ground of fact or law that could not have been raised within the applicable time period." *See* Iowa Code § 822.3.

While the amendment to section 692A.2 was a ground of fact or law that could not have been raised at the time Ray was sentenced, Ray did not challenge the amendment to the law within three years after the amendment in 1999. *See Nguyen v. State*, 829 N.W.2d 183, 184 (Iowa 2013) (noting an application for postconviction relief had been filed within three years of a decision changing case law). We conclude the district court did not err in determining Ray's application was untimely. *See Harrington v. State*, 659 N.W.2d 509, 519 (Iowa 2003) ("Postconviction proceedings are law actions ordinarily reviewed for errors of law.").

On appeal, Ray contends the post-sentencing change in the law requiring him to register as a sex offender for life violates the ex post facto clauses of the United States and Iowa Constitutions. Because Ray's application is untimely, we do not consider the merits of his claims. If we were to consider his claim, we would agree with the district court's conclusion Ray had not shown an ex post facto violation. The ex post facto clauses forbid a law increasing punishment for a crime after it is committed, and registration with the sex offender registry is not punishment. *See Perkins*, 558 N.W.2d at 397, 400.

We affirm the decision of the district court denying Ray's request for postconviction relief.

**AFFIRMED.**