# IN THE COURT OF APPEALS OF IOWA

No. 16-0469
Filed March 22, 2017

**TIMMIE DURRELL COLE,**
     Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
     Respondent-Appellee.
_____

     Appeal from the Iowa District Court for Scott County, Marlita A. Greve, Judge.

     Timmie Cole appeals the summary disposition of his postconviction relief application. **AFFIRMED.**

     Stuart G. Hoover of Blair & Fitzsimmons, P.C., Dubuque, for appellant.

     Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee State.

     Considered by Danilson, C.J., and Vogel and Vaitheswaran, JJ.

**VAITHESWARAN, Judge.**

Timmie Cole filed a postconviction relief application in 2014, challenging his 1995 convictions for two counts of delivery of cocaine. The State moved for summary disposition on the ground that the application was barred by a three-year statute of limitations. *See* Iowa Code § 822.3 (2016) (stating postconviction relief applications "must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued"). The district court granted the motion.

On appeal, Cole argues a United States Supreme Court opinion, *Padilla v. Kentucky*, 559 U.S. 356 (2010), "announced a new rule." In his view this new rule "is an exception to the three-year statute of limitations." *See* Iowa Code § 822.3 (providing an exception for "a ground of fact or law that could not have been raised within the applicable time period").

Cole conflates two concepts: (1) retroactive application of a new rule of law and (2) the statutory exception to the three-year limitations period for a ground of law. *See Perez v. State*, 816 N.W.2d 354, 355 (Iowa 2012).

*Padilla* did indeed announce a new rule of law. *See Chaidez v. United States*, 133 S. Ct. 1103, 1111 (2013) ("*Padilla* thus announced a 'new rule.'"). But this development does not assist Cole because "*Padilla* does not have retroactive effect." *Id.* at 1105. In other words, "a person whose conviction is already final may not benefit from the decision in a habeas or similar proceeding." *Id.* at 1107. As the Iowa Supreme Court stated in an opinion predating *Chaidez*, if *Padilla* does not apply retroactively, the defendant could "not rely upon it to set aside an earlier conviction." *See Perez*, 816 N.W.2d at

355; *see also Avina v. State*, No. 11-1780, 2013 WL 1452949, at *4 (Iowa Ct. App. Apr. 10, 2013) ("As a new rule, [the applicant] may not avail himself of *Padilla* in this proceeding.").

We turn to the ground-of-law exception to the three-year statute of limitations. *See* Iowa Code § 822.3. Although *Padilla* announced a new rule that might fit within the "ground of law" exception to the limitations period, the Iowa Supreme Court implicitly recognized that a postconviction claim based on a change in the law must be filed within three years of that change. *See Nguyen v. State*, 829 N.W.2d 183, 186 (Iowa 2013) (noting the applicant applied for postconviction relief based on an opinion changing the law less than three years after the opinion was filed).

*Padilla* was filed in 2010. Cole did not file his postconviction relief application until 2014. His application was untimely. We affirm the summary disposition of Cole's postconviction relief application.

**AFFIRMED.**