# IN THE COURT OF APPEALS OF IOWA

No. 15-1816
Filed April 5, 2017

**GUY DELL SUDDUTH,**
 Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
 Respondent-Appellee.
_____

Appeal from the Iowa District Court for Black Hawk County, Kellyann M. Lekar, Judge.

Guy Sudduth appeals the district court's dismissal of his application for postconviction relief. **REVERSED AND REMANDED.**

Ryan J. Mitchell of Orsborn, Milani, Mitchell & Goedken, L.L.P., Ottumwa, for appellant.

Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee State.

Considered by Danilson, C.J., and Vogel and Vaitheswaran, JJ.

**VAITHESWARAN, Judge.**

In 2005, Guy Sudduth entered *Alford* pleas[1] to two counts of criminal transmission of human immunodeficiency virus and three counts of third-degree sexual abuse. In 2014, Sudduth filed a postconviction relief application alleging his plea lacked a factual basis and his attorney was ineffective in allowing him to enter the plea and in failing "to complete a competent investigation." The district court dismissed the application as time-barred. Sudduth appealed.

Postconviction relief applications "must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." *See* Iowa Code § 822.3 (2014). "However, this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period." *Id.*

Sudduth essentially concedes his application did not fall within the three-year limitations period but argues an Iowa Supreme Court opinion decided in 2014 "creates new law that [he] could not have argued within the three-year statute of limitations." *See Rhoades v. State*, 848 N.W.2d 22 (Iowa 2014). In other words, he invokes the "ground of law" exception to the time bar.

In *Rhoades*, the supreme court evaluated the factual basis for a plea to transmission of human immunodeficiency virus. *Id.* at 32. A person committed the crime "if the person, knowing that the person's human immunodeficiency virus status [was] positive, . . . [e]ngag[ed] in intimate contact with another

---

[1] An *Alford* plea is a variation of a guilty plea where the defendant does not admit participation in the acts constituting the crime but consents to the imposition of a sentence. *North Carolina v. Alford*, 400 U.S. 25, 37 (1970).

person." *See* Iowa Code § 709C.1(1)(a).[2] "Intimate contact" was defined as "the intentional exposure of the body of one person to a bodily fluid of another person in a manner that could result in the transmission of the human immunodeficiency virus." *Id.* § 709C.1(2)(b). As in this case, the district court asked Rhoades if he had intimate contact with the victim but did not ask whether he exchanged bodily fluids with the victim or whether he intentionally exposed the victim to his bodily fluid in a manner that could result in the transmission of HIV. *See Rhoades*, 848 N.W.2d at 30. The court concluded "the district court's reference to intimate contact and Rhoades' acknowledgment he had intimate contact does not establish the necessary factual basis." *Id.*

In reaching this conclusion, the court acknowledged its prior opinions "filled in the gaps in the factual basis" by judicially noticing adjudicative facts "that HIV may be transmitted through contact with an infected individual's blood, semen or vaginally fluid, and that sexual intercourse is one of the most common methods of passing the virus." *Id.* at 32. But the court stated,

> With the advancements in medicine regarding HIV between 2003 and 2008, we are unable to take judicial notice of the fact that HIV may be transmitted through contact with an infected individual's blood, semen or vaginally fluid, and that sexual intercourse is one of the most common methods of passing the virus to fill in the gaps to find a factual basis for Rhoades' guilty plea.

*Id.* at 33.

The State argues *Rhoades* did not change the law. This court has held otherwise. In *Stevens v. State*, No. 15-1033, 2016 WL 1696909, at *3-4 (Iowa Ct. App. Apr. 27, 2016), we reversed the district court's dismissal of a

---

[2] This provision has since been repealed. *See* Acts 2014 (85 G.A.) ch. 1119, S.F. 2297, § 9, eff. May 30, 2014.

postconviction relief application as time-barred after concluding Rhoades "was not merely 'a clarification of the law' or 'an application of preexisting law'" but "a change in the law" "that could not have been raised within the applicable time period" and affected "the validity of [Stevens's] conviction." *Id.* We stated, "What the jury was once able to accept as common knowledge with no further proof required from the State, now requires the State to offer "expert medical testimony on the likelihood of transmission of HIV." *Id.* at *3. We remanded the case for consideration of whether "the *Rhoades* case should be retroactively applied." *Id.* at *4.

The Supreme Court did not accept further review of *Stevens* and the opinion became final in mid-2016. While not precedential, *Stevens* is persuasive authority in support of Sudduth's request for reversal.

We conclude Sudduth has asserted a ground of law that could not have been raised within the applicable time period. His application falls within the "ground of law" exception to the three-year time bar.

Sudduth seeks a remand "for trial on [his] Application for Post-Conviction Relief." We reverse the district court's dismissal of the application and remand for a postconviction relief hearing.[3]

---

[3]We recognize that, in *Stevens*, we remanded for a preliminary determination of whether *Rhoades* should be applied retroactively. We relied on dispositional language in *Nguyen v. State*, 829 N.W.2d 183, 189 (Iowa 2013), where the question of retroactive application of *Heemstra* was explicitly raised. Here, neither side has raised the issue. Additionally, following the 2013 *Nguyen* decision, the supreme court filed another opinion in his case resolving his retroactivity arguments. *See Nguyen v. State*, 878 N.W.2d 744, 753 (Iowa 2016), reh'g denied (June 2, 2016). Accordingly, the language in the 2013 *Nguyen* opinion on which we relied in *Stevens* is no longer applicable.

**REVERSED AND REMANDED.**

Vogel, J., concurs; Danilson, C.J., dissents.

**DANILSON, Chief Judge.** (dissenting)

I respectfully dissent. On June 13, 2014, the Iowa Supreme Court decided in *Rhoades v. State*, 848 N.W.2d 22, 32 (2014), it was no longer appropriate to take judicial notice of the same adjudicatory fact because the science had changed. The court stated:

> The judicial notice we took in previous cases is subject to a reasonable dispute here; thus, it is improper for us to similarly take judicial notice in this case. With the advancements in medicine regarding HIV between 2003 and 2008, we are unable to take judicial notice of the fact that HIV may be transmitted through contact with an infected individual's blood, semen or vaginal fluid, and that sexual intercourse is one of the most common methods of passing the virus to fill in the gaps to find a factual basis for Rhoades's guilty plea.

*Id.* at 33. Thus, the court concluded in *Rhoades*, "It was not apparent in 2009, at the time of the plea, that this fact was 'capable of accurate and ready determination by resort to sources whose accuracy' could not reasonably be questioned." *Id.* at 32 (quoting Iowa R. Evid. 5.201(b)).

However, here Sudduth's pleas were taken on December 8, 2005. Although Sudduth has filed his application for postconviction relief within three years of the *Rhoades* decision, the Iowa Supreme Court concluded in *Rhoades* that as of 2009, it was no longer appropriate "to take judicial notice of the fact that HIV may be transmitted through contact with an infected individual's blood, semen or vaginal fluid" without expert testimony on the likelihood of transmission of HIV. *Rhoades*, 848 N.W.2d at 33. Because Sudduth's pleas were entered in 2005 when it remained appropriate to take judicial notice of the adjudicatory fact, I would conclude any challenge to the factual basis for the pleas via Sudduth's application for postconviction relief was untimely. I would affirm.