# IN THE COURT OF APPEALS OF IOWA

No. 16-1978
Filed February 7, 2018

**LANCE RUSSELL DIXON,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

    Appeal from the Iowa District Court for Polk County, Michael D. Huppert,
Judge.

    Lance Dixon appeals the district court's summary dismissal of his fourth
application for postconviction relief following his 2001 conviction for first-degree
murder.  **AFFIRMED.**

    Christine E. Branstad of Branstad Law, P.L.L.C., Des Moines, for appellant.

    Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney
General, for appellee State.

    Considered by Danilson, C.J., and Vaitheswaran and Bower, JJ.

**VAITHESWARAN, Judge.**

In *Heemstra v. State*, 721 N.W.2d 549, 558 (Iowa 2006), the Iowa Supreme Court reversed a first-degree murder conviction that was partially based on the statutory alternative of killing "another person while participating in a forcible felony." *See* Iowa Code § 707.2(1)(b) (2001). The court held "if the act causing willful injury is the same act that causes the victim's death, the former is merged into the murder and therefore cannot serve as the predicate felony for felony-murder purposes." *Heemstra*, 721 N.W.2d at 558. The court declined to apply the holding retroactively, stating, "The rule of law announced in this case regarding the use of willful injury as a predicate felony for felony-murder purposes shall be applicable only to the present case and those cases not finally resolved on direct appeal in which the issue has been raised in the district court." *Id.*

A postconviction relief applicant whose conviction became final four years before *Heemstra* was decided appeals the summary disposition of his fourth postconviction relief application. He argues a recent United States Supreme Court opinion requires retroactive application of *Heemstra*.

## I. Background Proceedings

A jury found Lance Dixon guilty of first-degree murder in connection with a 1999 shooting. This court affirmed his judgment and sentence in 2001, and procedendo issued shortly thereafter. *See State v. Dixon*, No. 00-829, 2001 WL 1450991, at *6 (Iowa Ct. App. Nov. 16, 2001).

Dixon filed three postconviction relief applications, all unsuccessful. *See Dixon v. State*, No. 12-0499, 2013 WL 3291837, at *1 (Iowa Ct. App. June 26, 2013). In 2014, Dixon filed a fourth application alleging, "*Heemstra v. State*, 721

N.W.2d at 558 and *State v. Nguyen* No. 10-2037 demand when a jury relied on a willful injury instruction to find a defendant guilty the conviction cannot stand."

The State moved for summary judgment and dismissal on the ground the application was "neither within three years of the *Heemstra* decision nor within three years of the procedendo of his direct appeal" and, accordingly, was "time-barred." Meanwhile, Dixon amended his petition to allege a new "ground of fact and or law that require *Heemstra* to be applied retroactively." He cited "*Welch v. United States*, No. 15-6418 April 2016 and *Montgomery v. Louisiana*, No. 14-280 January 2016." Following a non-evidentiary hearing, the postconviction court granted the State's motion for summary disposition. Dixon appealed.

## II. Ground-of-Law-Exception to Section 822.3 Time Bar

Iowa Code section 822.3 (2013) states postconviction relief applications "must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued," but "this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period." Dixon's fourth postconviction relief application was filed well outside the three-year limitations period.

Dixon's application, then, had to fall within the "ground of fact or law" exception to the time bar to allow consideration of the merits. In his argument to the district court, Dixon paid lip service to the exception but did not address how his case fell within it. Instead, he pivoted to the merits of his claim, asserting *Heemstra* should be retroactively applied to his case. He does the same thing on appeal, arguing *Welch v. United States*, 136 S. Ct. 1257 (2016), requires the district court to apply the holding of *Heemstra* retroactively.

Dixon conflates two inquiries: (1) is *Heemstra* an opinion that implicates the "ground of law" exception to the time bar? and (2) should *Heemstra* be applied retroactively to Dixon's case? As the Iowa Supreme Court made clear in *Nguyen v. State* (*Nguyen I*), 829 N.W.2d 183 (Iowa 2013), these are distinct issues.

In *Nguyen I,* a postconvicton relief applicant who received the same felony-murder jury instruction that was invalidated in *Heemstra* argued *Heemstra* should be applied retroactively. 829 N.W.2d at 186. The district court granted the State's motion for summary disposition. *Id.* The court concluded the "ground of law" exception to the time bar did not apply because "the line of cases" leading up to *Heemstra* "would have alerted trial counsel" to the argument made in *Heemstra* and, accordingly, the question "was a ground that could have been urged" during the three-year limitations period. *Id.*

The Iowa Supreme Court disagreed with this reasoning. The court stated "a ground of law that had been clearly and repeatedly rejected by controlling precedent from the court with final decision-making authority is one that 'could not have been raised' as that phrase is used in section 822.3." *Id.* at 188. The court implied the ground-of-law exception could be raised within three years of the law-changing decision rather than three years from when procedendo issued in the direct appeal, as set forth in section 822.3. *Id.* Because Nguyen filed his posconviction relief application within three years of *Heemstra*, the court allowed him to invoke the "ground of law" exception to the three-year limitations period. *Id.* The court reversed the district court's summary disposition of the postconviction relief application and "remand[ed] for further proceedings on whether retroactive application of *Heemstra* is required by the equal protection, due process, and

separation of powers clauses of the Iowa Constitution, or the Equal Protection Clause of the United States Constitution." *Id.* at 189. In short, the court (1) implied a postconviction relief applicant could rely on the "ground of law" exception to the time bar for three years after a law changing decision, (2) held *Heemstra* was a law changing decision implicating the "ground of law" exception to the statute of limitations, (3) found Nguyen filed his application within three years of *Heemstra*, and (4) held the district court needed to consider the merits of Nguyen's claim that retroactive application of *Heemstra* was constitutionally mandated. *See id.* at 186, 188, 189.

*Nguyen II* essentially reaffirmed *Nguyen I*'s statute-of-limitations analysis. *Nguyen v. State* (*Nguyen II)*, 878 N.W.2d 744, 751 (Iowa 2016). The court concluded an ineffective-assistance claim premised on *Heemstra* was "not time-barred" where the postconviction relief application was filed within three years of *Heemstra* and a pro se brief articulated the common-law "framework for evaluating the retroactive application of state decisions." *Id.* As in *Nguyen I*, the court addressed the statute-of-limitations hurdle before addressing the question of retroactivity. *See id.* at 751-52. Only after finding the postconviction relief application was timely filed because it fell within the "ground of law" exception to the time bar did the court proceed to the "merits of the ineffective-assistance-of-counsel claim," which sought retroactive application of *Heemstra*. *Id.* at 753-54.

*Welch*, 136 S. Ct. at 1265, cited by Dixon, implicates the merits of his claim. The Court there held a prior opinion finding a statutory provision void for vagueness was "a substantive decision and so has retroactive effect under *Teague*

[*v. Lane*, 489 U.S. 288 (1989)] in cases on collateral review." *Welch*, 136 S. Ct. at 1265. The opinion has no bearing on our statute-of-limitations analysis.

That analysis turns on whether Dixon filed his fourth postconviction application within the implied limitations period of three years from the *Heemstra* decision. He did not. Because he did not, his application was time-barred, and the postconviction court could not reach the retroactivity claim.

We affirm the postconviction court's summary disposition of Dixon's fourth postconviction relief application.

**AFFIRMED.**