# IN THE COURT OF APPEALS OF IOWA

No. 21-0316
Filed January 12, 2022

**ESTEBAN VELAZQUEZ-RAMIREZ,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Crawford County, Zachary Hindman, Judge.

Esteban Velazquez-Ramirez appeals the dismissal of his second application for postconviction relief. **AFFIRMED.**

Priscilla E. Forsyth, Sioux City, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee State.

Considered by Mullins, P.J., and May and Ahlers, JJ.

**MAY, Judge.**

Esteban Velazquez-Ramirez appeals the dismissal of his second application for postconviction relief (PCR). We affirm.

In 2004, a jury convicted Velazquez-Ramirez of first-degree murder. Velazquez-Ramirez appealed. This court affirmed his conviction, as did the supreme court on further review. *See generally State v. Valazquez*, No. 04-0728, 2005 WL 724172 (Iowa Ct. App. Mar. 31, 2005), *aff'd on further review* 2005 WL 3556252 (Iowa Dec. 30, 2005). Procedendo issued in January 2006.

Then Velazquez-Ramirez filed his first PCR action, which the district court denied. Velazquez-Ramirez appealed, but we affirmed. *See generally Velazquez-Ramirez v. State*, No. 10-1819, 2012 WL 1438981 (Iowa Ct. App. Apr. 25, 2012). Procedendo issued in August 2012.

Almost six years later, in June 2018, Velazquez-Ramirez filed the current PCR action. The State filed a motion to dismiss. The PCR court granted the motion.[1] Velazquez-Ramirez appeals. Our review "is for correction of errors of law." *Nguyen v. State*, 829 N.W.2d 183, 186 (Iowa 2013) (quoting *Harrington v. State*, 659 N.W.2d 509, 519 (Iowa 2003)).

In general, Iowa Code section 822.3 (2018) requires a PCR action to be "filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." Velazquez-

---

[1] In litigating the State's motion, both the State and Velazquez-Ramirez referred to matters outside the pleadings. So the court treated the State's motion as seeking summary judgment. We mention this only for the sake of clarity. The parties do not contend, and we do not believe, that this procedural nuance impacts the proper outcome of this appeal.

Ramirez filed this action in 2018, more than twelve years after his murder conviction became final. At first glance, then, it appears this action is time-barred.

As Velazquez-Ramirez correctly notes, though, section 822.3 includes an exception for claims based upon "a ground of fact or law that could not have been raised within" three years after a conviction becomes final. And here, Velazquez-Ramirez asserts claims based on *State v. Jonas*, 904 N.W.2d 566 (Iowa 2017), which held that reversal of a conviction is required "when (1) the district court improperly denies a challenge for cause; (2) the defendant 'specifically ask[s] for an additional peremptory challenge of a particular juror after exhausting his peremptory challenges' under the Iowa Rules of Criminal Procedure; and (3) 'the district court denies the additional peremptory challenge.'" *Jandreau v. State*, No. 19-1323, 2020 WL 7868235, at *1 (Iowa Ct. App. Dec. 16, 2020) (quoting *Jonas*, 904 N.W.2d at 583). Velazquez-Ramirez argues that, because *Jonas* was not decided until 2017, *Jonas* was a "ground of . . . law that could not have been raised within three years" after his conviction became final in 2006. So, he contends, this PCR was timely because it was filed within three years after *Jonas*. *See Penticoff v. State*, No. 19-0975, 2020 WL 5229186, at *2 (Iowa Ct. App. Sept. 2, 2020) (collecting cases requiring a PCR action filed in response to a change in the law be filed within three years of the change); *id.* at *5 n.8 (May, J. dissenting) (discussing development of the requirement).

As the district court recognized, however, Velazquez-Ramirez could only take advantage of *Jonas* if it applies retroactively. *See Perez v. State*, 816 N.W.2d 354, 355 (Iowa 2012) (noting that if "*Padilla*[ *v. Kentucky*, 559 U.S. 356 (2010),] does not apply retroactively, [then] Perez may not rely upon it to set aside an earlier

conviction"). And "new rules of procedure generally do not apply retroactively." *Thongvanh v. State*, 938 N.W.2d 2, 11 (Iowa 2020). So Velazquez-Ramirez cannot benefit from *Jonas*, a case about the procedures governing jury selection and related appeals.[2]

Velazquez-Ramirez also argues that *Allison v. State*, 914 N.W.2d 866, 891 (Iowa 2018), requires us to conclude this PCR action was timely filed. In *Allison*, our supreme court held that

> where a PCR petition alleging ineffective assistance of trial counsel has been timely filed per section 822.3 and there is a successive PCR petition alleging postconviction counsel was ineffective in presenting the ineffective-assistance-of-trial-counsel claim, the timing of the filing of the second PCR petition relates back to the timing of the filing of the original PCR petition for purposes of Iowa Code section 822.3 if the successive PCR petition is filed promptly after the conclusion of the first PCR action.

914 N.W.2d at 891. The crucial words are: "*filed promptly* after the conclusion of the first PCR action." *Id.* (emphasis added). "Since *Allison*, our court has had several opportunities to consider the phrase 'filed promptly.'" *Johnson v. State*, No. 19-1949, 2021 WL 210700, at *2 (Iowa Ct. App. Jan. 21, 2021). "And we have repeatedly concluded that 'delays [of] one year or more' are not sufficiently 'prompt.'" *Id.* (alteration in original) (citation omitted). Velazquez-Ramirez did not file this second PCR action "promptly" after the first—he waited six years. So *Allison* cannot assist Velazquez-Ramirez.

---

[2] We acknowledge there may be an exception for truly "watershed" procedural changes. *But see Edwards v. Vannoy*, 141 S. Ct. 1547, 1560 (2021) (announcing the watershed exception is "moribund"). But Velazquez-Ramirez provides no argument that *Jonas* could qualify as a "watershed" procedural change. And we decline to make an argument on his behalf.

Velazquez-Ramirez responds that—because, he claims, *Allison* itself constitutes a "new ground of . . . law" for purposes of section 822.3—this case only needed to be filed "promptly" after *Allison* was decided. We disagree. For one thing, we do not believe *Allison* qualifies as a "new ground of . . . law" for purposes of section 822.3. Rather, we agree with the State that the "new ground of . . . law" must form a basis of the applicant's *substantive* claims, that is, their claims about alleged flaws *in their criminal conviction*. At a minimum, the "new ground of . . . law" must have *some* connection—some "nexus"—with the conviction. S*ee Harrington*, 659 N.W.2d at 520 (noting "the applicant must also show a nexus between the asserted ground of fact and the challenged conviction"). And we see no possible nexus between *Allison*—a case about time limits *in PCR actions*—and Velazquez-Ramirez's murder conviction.

In any event, *Allison* says what it says. Nothing in *Allison* suggests that the clock for second PCRs runs from the filing of *Allison*. Rather, by its plain terms, *Allison* only applies to second PCRs "filed promptly *after the conclusion of the first PCR action*." 914 N.W.2d at 891 (emphasis added). So, because Velazquez-Ramirez did not file his second PCR "promptly after the conclusion of the first PCR action," *Allison* cannot assist him. *Cf. Williams v. State*, No. 19-1939, 2021 WL 1400336, at *3 (Iowa Ct. App. Apr. 14, 2021) ("The limitations period in section 822.3 ensures the criminal process 'end[s] within reasonable time limits.' Extending *Allison*'s limited exception to include challenges of decades-old convictions and PCR actions would defeat the purpose of a limitations period." (alteration in original) (citation omitted)).

The PCR court correctly dismissed Velazquez-Ramirez's second PCR application.

**AFFIRMED.**