# IN THE COURT OF APPEALS OF IOWA

No. 21-1847
Filed November 17, 2022


**DAVID LEE HERING,**
     Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
     Respondent-Appellee.
_____


Appeal from the Iowa District Court for Muscatine County, Joel W. Barrows, Judge.


David Hering appeals the dismissal of his fourth application for postconviction relief. **AFFIRMED.**


David Hering, self-represented appellant.

Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney General, for appellee State.


Considered by Vaitheswaran, P.J., Ahlers, J., and Mullins, *S.J.

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2022).

**MULLINS, Senior Judge.**

David Hering appeals the dismissal of his fourth application for postconviction relief (PCR). He argues the court erred in dismissing his claims of ineffective assistance of counsel based on new grounds of law and his claim that his convictions are void on speedy-trial grounds.

## I.    Background

In May 2021, David Hering filed his fourth application for PCR relating to his convictions on one count of first-degree murder and two counts of attempted murder that became final in early 2006.[1] His application argued recent decisions by the United States and Iowa Supreme Courts—*McCoy v. Louisiana*[2] and *Krogmann v. State*[3]—serve as new grounds of law voiding his convictions based on ineffective assistance of criminal trial counsel and his convictions are otherwise void because the State did not produce a valid waiver of his speedy-trial rights because any contracts he entered while the subject of a conservatorship were presumed to be fraudulent.

---

[1] We briefly surveyed the history of Hering's conviction, appeal, further review, and other PCR proceedings in our recent decision affirming the dismissal of Hering's third PCR application. *See Hering v. State*, No. 21-0688, 2022 WL 1487111, at *1–2 (Iowa Ct. App. May 11, 2022), *further review denied* (July 6, 2022). Here, we also note Hering has pursued relief through other avenues outside of chapter 822.

[2] *See* 138 S. Ct. 1500, 1509 (2018) ("When a client expressly asserts that the objective of '*his* defence' is to maintain innocence of the charged criminal acts, his lawyer must abide by that objective and may not override it by conceding guilt." (citation omitted)).

[3] *See* 914 N.W.2d 293, 326 (Iowa 2018) (finding counsel breached an essential duty by failing to properly challenge an unlawful freeze of defendant's assets resulting in a violation of defendant's "constitutional right to be master of his defense" and thus amounting to structural error and presumed prejudice).

The State responded with a pre-answer motion to dismiss, arguing the application was time-barred by the statute of limitations in Iowa Code section 822.3 (2021) and the claims raised were barred under section 822.8 as either previously adjudicated or not raised in the original, supplemental, or amended application. Hering resisted, arguing his reliance on new grounds of law for his ineffective-assistance claims excepted him from the statute of limitations, and his speedy-trial claim was jurisdictional and could be raised at any time. In its ensuing answer, the State reprised its arguments for dismissal and added the exception to the time-bar based on new grounds of law does not apply because the cases Hering relied upon "are not to be retroactively applied." Thereafter, Hering filed a "motion for stay" of the proceedings, in which he stated his ineffective-assistance claims were also raised in his third application for postconviction relief, the claims were not addressed by the district court, and his appeal of the district court's decision dismissing his third application was pending on appeal. The court ordered that motion to be considered at the upcoming hearing on the State's motion to dismiss.

Following a brief hearing in November 2021, the district court entered a ruling granting the State's motion to dismiss. The district court observed this court already considered and rejected Hering's speedy-trial claim, which he previously raised through a "Motion to Correct Illegal Sentence and Void Judgment." *See generally State v. Hering*, No. 10-1360, 2011 WL 3129213 (Iowa Ct. App. July 27, 2011). As such, the district court found this claim was already the subject of a final adjudication in another proceeding taken to secure relief and could not serve as a basis for relief in the current application. *See* Iowa Code § 822.8. As to the

ineffective-assistance claims based on *McCoy* and *Krogmann*, the court found Hering could have raised those claims in his third application and, because he "offer[ed] no justification for why he did not," they also could not form the basis for his fourth application. *See id.*

Hering filed a motion to reconsider, enlarge, or amend pursuant to Iowa Rule of Civil Procedure 1.904(2), in which he asserted he did raise *McCoy* and *Krogmann* in his third application. As to the speedy-trial claim, he agreed this claim "was litigated back in 2010 and 2011" but argued *State v. Tipton*, 897 N.W.2d 653 (Iowa 2017), serves as a new ground of law in support of his claim. The court denied the motion, and this appeal followed.

## II. Standard of Review

Appellate review of a district court ruling on a motion to dismiss in a PCR proceeding is for errors of law. *Thongvanh v. State*, 938 N.W.2d 2, 8 (Iowa 2020). To the extent claims of ineffective assistance of counsel come into play, our review is de novo. *Sothman v. State*, 967 N.W.2d 521, 522 (Iowa 2021).

## III. Discussion

### A. Ineffective-Assistance Claims

Hering first argues the district court erred in dismissing his ineffective-assistance claims based on *McCoy* and *Krogmann* on the basis that he failed to raise them in his prior, third application when he in fact did raise those claims in the third proceeding.

In assessing whether the court was correct, we look to Iowa Code section 822.8, which "sets out three categories that may not be the basis of a subsequent application: (1) grounds finally adjudicated, (2) ground not raised, or

(3) grounds knowingly, voluntarily, and intelligently waived . . . in another proceeding that applicant has taken to secure relief." *Hasselmann v. State*, No. 21-0483, 2022 WL 951084, at *4 (Iowa Ct. App. Mar. 30, 2022).

Here, the district court appears to have relied on either the second or third category. But we agree Hering raised *McCoy* and *Krogmann* in the third proceeding,[4] as does the State. We noted as much in our most recent decision, although we did not address the claims because they were not preserved due to want of a district court ruling on the claims. *See Hering*, 2022 WL 1487111, at *2. In turn, we agree dismissal of the claims in this proceeding, on the basis that they could have been raised in the third proceeding but were not, was error.

But that does not end our inquiry because we may affirm on the State's alternative claims below that the application was untimely, is not excepted by a new ground of law that could not have been raised within the limitations period, and *McCoy* and *Krogmann* are not entitled to retroactive treatment. *See Brooks v. State*, 975 N.W.2d 444, 445 n.1 (Iowa Ct. App. 2022).

Hering's convictions became final in 2006. His application was required to be filed within three years unless it was based on "a ground of . . . law that could not have been raised within the applicable time period." Iowa Code § 822.3. It clearly was not filed within the limitations period, so Hering must rely on the ground-

---

[4] However, he raised them in a different manner, under the auspice of ineffective assistance of prior PCR counsel whereas, here, he raises them as direct claims of ineffective assistance of criminal counsel, likely because we already observed any claims concerning effectiveness of Hering's prior PCR counsel would be "untimely under both former law and the state of the current law." *Hering*, 2022 WL 1487111, at *3.

of-law exception to overcome the time-bar. Then, as will be discussed below, retroactivity comes into play.

In order for Hering to survive dismissal on the State's alternative claims concerning the statute of limitations and nonretroactivity, he must clear two hurdles. He must first meet the "ground of law" exception to the time-bar, which might be satisfied by a claim that new caselaw applies retroactively on collateral review. *See Nguyen v. State*, 829 N.W.2d 183, 187 (Iowa 2013) (implying claim of retroactivity meets new-ground-of-law exception because the claim cannot be made before the new decision is issued). But even if the exception is satisfied, the second step involves a determination of whether the new caselaw is entitled to retroactive treatment. *See id.* at 189 (reversing dismissal on statute of limitations and remanding "for further proceedings on whether retroactive application . . . is required").

New grounds of law involve "a category of legal claims that were" previously "viewed as fruitless . . . but became meritorious later on," *id.* at 188, normally by virtue of some groundbreaking change in the law by the state or federal high courts. *Cf. Teague v. Lane*, 489 U.S. 288, 301 (1989) ("In general, . . . a case announces a new rule when it breaks new ground . . . ."). But if such a decision "does not embody a new rule of constitutional criminal procedure," then "the matter could have been raised . . . , as that term is used in section 822.3, within the applicable time period." *Perez v. State*, 816 N.W.2d 354, 360–61 (Iowa 2012). Under that situation, the application is time-barred. *Id.* at 355. On the other hand, if the decision does create a new rule of constitutional criminal procedure, as Hering submits *McCoy* and *Krogmann* do, then it does not, subject to narrow exceptions,

apply retroactively to allow an applicant to "rely upon it to set aside an earlier conviction." *Id.* at 355.

So we first consider whether *McCoy* and *Krogmann* serve as new grounds of law that could not have been raised within the limitations period. Hering's first claim of ineffective assistance under *McCoy* is that, although he agreed to pursue an insanity defense, counsel was ineffective in conceding guilt. Hering has already argued in a prior proceeding that "he received ineffective assistance because defense counsel presented an insanity defense, rather than presenting a general denial he committed the offenses" and "defense counsel could have presented inconsistent defenses by arguing he did not commit the offenses, but if he did commit the offenses, he was legally insane at the time." *Hering v. State*, No. 13-1945, 2016 WL 3269454, at *3–4 (Iowa Ct. App. June 15, 2016). On that claim, we found "Hering agreed to the presentation of an insanity defense, rather than a general denial he committed the offenses." *Id.* at *4. So, while this claim was made before *McCoy* was decided, Hering essentially made the same claim that counsel infringed on his "right to insist that counsel refrain from admitting guilt." 138 S. Ct. at 1505. But the claim was rejected on the basis that Hering agreed to that strategy as opposed to a general denial. *See Hering*, 2016 WL 3269454, at *4; *see also Hering v. Iowa*, No. 4:16-cv-00574-JEG, 2018 WL 9371455, at * 2 (S.D. Iowa Sept. 25, 2018) (noting the court of appeals "found Hering personally agreed to the insanity defense over a general denial defense after discussing the options"

with counsel). So this claim is one that could have been, and in fact was, raised earlier and therefore does not meet the ground-of-law exception.[5]

As to whether *Krogmann* amounts to a new ground of law, it does not fall within the "category of legal claims that were" previously "viewed as fruitless . . . but became meritorious later on." *Nguyen*, 829 N.W.2d at 188. It therefore does not meet the exception to the statute of limitations.

Even if we were to assume *McCoy* and *Krogmann* serve as new grounds of law for purposes of section 822.3, as noted above, we would then consider whether they are entitled to retroactive treatment. If a decision creates a new rule of constitutional criminal procedure, then it does not, subject to narrow exceptions, apply retroactively to allow an applicant to "rely upon it to set aside an earlier conviction." *Perez*, 816 N.W.2d at 355. The only potential narrow exception that could have applied here to allow retroactive treatment of *McCoy* and *Krogmann* is if they are watershed rules of criminal procedure that are "central to an accurate determination of innocence or guilt."[6] *Id.* at 358–59 (quoting *Teague*, 489 U.S. at 313–14). But the United States Supreme Court has since foreclosed that exception to nonretroactivity. *See Edwards v. Vannoy*, 141 S. Ct. 1547, 1559–60 (2021) ("At this point, some 32 years after *Teague*, we think . . . no new rules of criminal procedure can satisfy the watershed exception. We cannot responsibly

---

[5] Our prior conclusion that Hering agreed with counsel's strategy is also essentially a final adjudication on a *McCoy* claim, that Hering's autonomy was infringed. *See* Iowa Code § 822.8; *see also McCoy*, 138 S. Ct. at 1505 (premising the case on McCoy "adamantly object[ing] to any admission of guilt" by counsel).

[6] The other "exception to nonretroactivity arises when previously illegal conduct is no longer prohibited by the law." *Perez*, 816 N.W.2d at 358. That exception does not apply here.

continue to suggest otherwise to litigants and courts. . . . [T]he purported exception has become an empty promise.").

Even if the exception was still available, *McCoy* does not meet it. *See Smith v. Stein*, 982 F.3d 229, 235 (4th Cir. 2020), *cert. denied* 141 S. Ct. 2535 (2021); *see also Pennebaker v. Rewerts*, No. 21-1216, 2021 WL 7237920, at *3 (6th Cir. 2021); *Christian v. Thomas*, 982 F.3d 1215, 1224–25 (9th Cir. 2020). This is because *McCoy* is a refinement and extension of a presupposed watershed rule in *Gideon v. Wainwright*, 372 U.S. 335 (1963) and is not a watershed rule in and of itself. *Stein*, 982 F.3d at 235.

Turning to *Krogmann*, it was also an extension of other prior caselaw, including *McCoy* and, by extension, *Gideon*. *See Krogmann*, 914 N.W.2d at 318 (noting Krogmann's challenge was rooted in the prevention of him "from being the master of his own defense in violation of the Sixth Amendment and the Iowa Constitution" (citing *McCoy*, 138 S. Ct. at 1510–11)); *id.* at 324 ("Like in *McCoy*, the violation of Krogmann's protected autonomy right was complete when the court allowed the State and the victim to unlawfully wrestle away control of issues that were within Krogmann's sole prerogative . . . .").

So even if *McCoy* and *Krogmann* serve as new grounds of law to except Hering from the statute of limitations, which we have concluded they do not, they do not apply retroactively to allow Hering to set aside his earlier conviction on collateral review. We affirm the dismissal of Hering's PCR application on these alternative grounds urged by the State below.

**B.** **Void-Judgment Claim**

Turning to what Hering styles as his "void judgment claim," he agrees he litigated this claim "[i]n 2010 . . . through a motion to correct illegal sentence void judgment," but he submits the final decision by this court "did not issue a final judgment on the merits of the void judgment claim" because we allegedly disposed of the claim "because Hering did not cite any authority to support his argument." Long story short, we affirmed the district court's denial of Hering's "void judgment claim," and that was a final adjudication for purposes of section 822.8. We have considered Hering's other arguments on this point, and we summarily reject them. We affirm the district court on this point.

**IV.** **Conclusion**

We affirm the dismissal of Hering's application for postconviction relief.

**AFFIRMED.**