# IN THE COURT OF APPEALS OF IOWA

No. 16-0990
Filed July 6, 2017

**SIMON CURTIS TUNSTALL,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Woodbury County, John D. Ackerman, Judge.

An applicant appeals the dismissal of his application for postconviction relief. **AFFIRMED.**

Zachary S. Hindman of Bikakis, Mayne, Arneson, Hindman & Hisey, Sioux City, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee State.

Considered by Vogel, P.J., and Doyle and McDonald, JJ.

**VOGEL, Presiding Judge.**

Simon Tunstall appeals from the district court's dismissal of his application for postconviction relief (PCR) as time-barred. In 1987, Tunstall and two codefendants were convicted of first-degree murder, in violation of Iowa Code section 707.2(2) (1985) and first-degree burglary, in violation of Iowa Code sections 713.1 and 713.3. Tunstall's conviction was affirmed on direct appeal in 1989, and his two prior applications for PCR were denied. *Tunstall v. State*, No. 05-0858, 2006 WL 929321 (Iowa Ct. App. Apr. 12, 2006); *Tunstall v. State*, No. 94-1354 (Iowa Ct. App. June 27, 1996); *State v. Tunstall*, No. 87-507, 1989 WL 73817 (Iowa Ct. App. Jan. 26, 1989). In his 2015 PCR application, Tunstall claimed he was entitled to a new trial based on our supreme court's ruling in *State v. Smith*, 739 N.W.2d 289 (Iowa 2007). The district court concluded Tunstall's application was time-barred.

We find no error of law in the district court's ruling. *See Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011) ("We normally review postconviction proceedings for errors at law. This includes summary dismissals of applications for postconviction relief." (citation omitted)). Iowa Code section 822.3 (2015) provides for a three-year time-bar for PCR applications unless the application is based on "a ground of . . . law that could not have been raised within the applicable time period." In *Nguyen v. State*, our supreme court implied an applicant bringing a claim based on a ground-of-law exception must bring the application within three years after the change is announced. 829 N.W.2d 183, 186 (Iowa 2013) ("Nguyen applied again for postconviction relief on April 2, 2009, more than three years after procedendo had issued on his original direct appeal,

but less than three years after *Heemstra*."). Thus, even if Tunstall is correct about *Smith*'s application to his case, he was required to file his application within three years of *Smith* being filed. *See id.* Accordingly, we affirm the dismissal of Tunstall's application for PCR without further opinion. *See* Iowa Ct. R. 21.26(1)(a), (b), (e).

**AFFIRMED.**