# IN THE COURT OF APPEALS OF IOWA

No. 20-0209
Filed June 16, 2021


**RONALD McKINNON,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____


Appeal from the Iowa District Court for Pottawattamie County, James S. Heckerman, Judge.


Ronald McKinnon appeals from the summary dismissal of his second application for postconviction relief. **AFFIRMED.**



Martha J. Lucey, State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee State.



Considered by Doyle, P.J., Ahlers, J., and Gamble, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**GAMBLE, Senior Judge.**

Ronald McKinnon appeals from the dismissal of his second application for postconviction relief (PCR). Because this action is time barred, we affirm the dismissal.

On January 7, 2015, McKinnon entered an *Alford* plea[1] to assault with intent to commit sexual abuse. He did not appeal.

On August 26, 2016, McKinnon brought his first PCR action in which he claimed "Conflict of interest with my lawyer" and "No good lawyer representation." Additionally, he claimed "Lies on my conviction/As well the vict. Lied" and "Basic[al]ly all are lies from them people's statements." McKinnon was appointed an attorney. This first action was dismissed on November 28, 2017, for failure to timely amend the application. That same day, the clerk of court mailed a copy of the dismissal order to McKinnon. He did not appeal or request the case be reinstated.

On September 4, 2018, McKinnon commenced this second PCR action. McKinnon claims "Ineffective assistance of counsel and actual innocence under the Iowa and U.S. Constitution" and "Counsel failed to properly prepare, investigate, or properly put any adverse defense. The plea was involuntary and the Applicant is innocent." McKinnon was appointed an attorney, and discovery proceeded. The State filed a motion for summary disposition arguing McKinnon's

---

[1] An *Alford* plea "was designed to permit a defendant to make a voluntary and intelligent decision to plead guilty to a crime without admitting participation in the underlying facts which constitute the crime." *State v. Klawonn*, 609 N.W.2d 515, 520 (Iowa 2000) (citing *North Carolina v. Alford*, 400 U.S. 25, 37–38 (1970)). An *Alford* plea allows the defendant to make a "cost-benefit analysis of avoiding the risks associated with a trial on the more serious charge." *Id.* at 521.

claims were time-barred even assuming the relation-back doctrine was applicable because his second PCR claim was not "promptly" filed after the first was dismissed. Moreover, the State asserted McKinnon's actual innocence claim was premised on facts known to him at the time of his plea and thus was also time-barred. McKinnon resisted but noted "Petitioner has had no opportunity to conduct discovery or depose his trial counsel."

On January 27, 2020, the district court granted the State's motion for summary disposition, concluding the second PCR action did not fall within the exception of *Allison v. State*, 914 N.W.2d 866, 890–91 (Iowa 2018). The court also concluded McKinnon could not meet the "ground of fact" exception to the statute of limitations as noted in *Schmidt v. State*, 909 N.W.2d 778, 798–99 (Iowa 2018) (recognizing a free-standing actual innocence claim and noting such a claim brought under Iowa Code chapter 822 (2014) is subject to the three-year statute of limitations). McKinnon appeals.

We review the summary dismissal of a PCR application for errors at law. *Dewberry v. State*, 941 N.W.2d 1, 4 (Iowa 2019).

Iowa Code section 822.3 (2018) addresses the time limit applicable to PCR claims:

> [A]pplications must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued. However, this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period.

The legislative purpose of the statute of limitations in section 822.3 is to reduce stale claims and cause "a sense of repose in the criminal justice system." *Allison* 914 N.W.2d at 872 (citation omitted). However, the *Allison* court overruled

precedent "[i]n order to avoid the difficult constitutional position that would result in denying a remedy where defense counsel allegedly provided ineffective assistance at trial and postconviction counsel is ineffective in raising that claim." *Id.* at 891. The court there held:

> [W]here a PCR petition alleging ineffective assistance of trial counsel has been timely filed per section 822.3 and there is a successive PCR petition alleging postconviction counsel was ineffective in presenting the ineffective-assistance-of-trial-counsel claim, the timing of the filing of the second PCR petition relates back to the timing of the filing of the original PCR petition for purposes of Iowa Code section 822.3 if the successive PCR petition is filed promptly after the conclusion of the first PCR action.

*Id.*

McKinnon maintains *Allison* more broadly recognizes an equitable tolling of the statutory limitations period. He asserts, under *Allison*, "The limitation period was tolled until November 28, 2017, when the first PCR was dismissed. Because the statute of limitation period was tolled from August 26, 2016, until November 28, 2017, McKinnon had until April 12, 2019, to file his successive petition alleging ineffective assistance of counsel." We are not persuaded.

The *Allison* holding "is a variant of the doctrine employed in *Martinez*."[2] *Id.* This court has previously rejected a similar assertion that *Allison* adopted equitable tolling. *See Polk v. State*, No. 18-0309, at *2 n.3 (Iowa Ct. App. Aug. 21, 2019) ("We agree Allison discusses, but does not adopt, equitable tolling 'during an active

---

[2] *Martinez v. Ryan*, 566 U.S. 1, 14 (2012); *see Hrbek v. State*, 958 N.W.2d 779, 787 (Iowa 2021) (discussing *Martinez* and noting the "limited issue in that case dealt with cause to excuse a procedural default for the purposes of federal habeas review" and "[t]he *Martinez* majority explicitly denied it was creating a constitutional rule and instead characterized the decision as an 'equitable ruling'" (quoting *Martinez*, 566 U.S. at 16)).

PCR claim.' The *Allison* majority would not have had to use the phrase 'filed promptly' when discussing the second PCR petition if timeliness was a purely mathematical formula of subtracting the number of days the first PCR was pending from three years." (citations omitted)). As noted above, *Allison* allows a belated second PCR action "*if the successive PCR petition is filed promptly after the conclusion of the first PCR action.*" 914 N.W.2d at 891 (emphasis added); *see also Goode v. State*, 920 N.W.2d 520, 526 (Iowa 2018) ("Based on *Allison*, the statutory limitation period is not an impediment to pursuing a second PCR application relating to the claim in this case if promptly filed following the appeal.").

McKinnon's first PCR was dismissed on November 28, 2017. McKinnon's statutory period for filing a PCR claim ran on January 7, 2018. McKinnon filed his second PCR petition on September 4, 2018. The PCR court concluded this successive petition filed nine months after the dismissal of the first was not filed promptly. This ruling is consistent with prior rulings of this court. *See Polk*, 2019 WL 3945964, at *1 (holding that waiting nearly six months to file does not meet "prompt" filing mandate); *see also Johnson v. State*, No. 19-1949, 2021 WL 210700, at *2 (Iowa Ct. App. Jan. 21, 2021) (collecting cases on the meaning of "filed promptly").

McKinnon asserts his actual-innocence claim is not time barred because it was not recognized until *Schmidt* was decided.[3] *Schmidt* was decided in March

---

[3] The *Schmidt* court held:

> For an applicant to succeed on a freestanding actual-innocence claim, the applicant must show by clear and convincing evidence that, despite the evidence of guilt supporting the conviction, no reasonable fact finder could convict the applicant of the crimes for

23, 2018. McKinnon filed his second PCR petition on September 4, 2018. McKinnon argues he could not have raised his actual innocence claim until *Schmidt*. *See Nguyen v. State*, 829 N.W.2d 183, 188 (Iowa 2013) ("In our view, a ground of law that had been clearly and repeatedly rejected by controlling precedent from the court with final decision-making is one that 'could not have been raised' as that phrase is used in section 822.3."). McKinnon contends he had three years from the *Schmidt* decision to file his second petition, and thus his second PCR application was well within the statutory period.[4]

There is some authority to support his contention. *See Nguyen*, 829 N.W.2d at 188 (implying that a PCR filed outside the statute of limitations but within three years of a new ground of law was filed within a reasonable amount of time); *Dixon v. State*, No. 16-1978, 2018 WL 739259, at *2 (Iowa Ct. App. Feb. 7, 2018) (discussing the implied three-year period from *Nguyen*); *Burkett v. State*, No. 14-0998, 2015 WL 5278970, at *3 (Iowa Ct. App. Sept. 10, 2015) ("*Nguyen* suggests an applicant should have to raise a change in the law within a reasonable period after the change is announced and the opinion implies the reasonable period is three years.").

---

which the sentencing court found the applicant guilty in light of all the evidence, including the newly discovered evidence.
909 N.W.2d at 797.

McKinnon's statutory period for filing a PCR claim ran on January 7, 2018. *Schmidt* was decided in March 23, 2018. *Allison* was decided on June 29, 2018. McKinnon filed his second PCR petition on September 4, 2018.

[4] McKinnon asserts his second PCR counsel provided constitutionally defective assistance in failing to make this claim below. We pass the error-preservation problem because "[w]e will not find counsel incompetent for failing to pursue a meritless issue." *State v. Brubaker*, 805 N.W.2d 165, 171 (Iowa 2011).

However, this claim is of no help to McKinnon. Unlike *Nyuyen*, the change in law recognized by *Schmidt* is more limited. While we acknowledge *Schmidt* is a new ground of law, the *Schmidt* decision specifically includes a requirement the applicant could not have raised the new ground of fact within the three-year limitations period. *Id.* at 798; *see also Bryant v. State*, No. 18-1038, 2019 WL 1300439, at *2 (Iowa Ct. App. Mar. 20, 2019) ("Bryant's effort to circumvent the time-bar runs head on into *Schmidt's* ground-of-fact analysis."), *further review denied* (May 16, 2019). The facts alleged by *Schmidt* to support the claim of actual innocence were discovered after the limitations period had run. *See* 909 N.W.2d at 781 n.1 ("Our decision involves an actual-innocence claim under the Iowa Constitution based on newly discovered evidence."). Here, as was the case in *Bryant*, McKinnon's claim of actual innocence is based on facts known or knowable within the applicable limitation.

In *Quinn v. State*, this court stated:

> We have found *Schmidt* does not apply to overcome the statute of limitations where the evidence put forward to support a claim of actual innocence was available to the applicant or could have been discovered with due diligence within the limitations period. The new-ground-of-fact analysis is a component of a claim of actual innocence based upon alleged newly discovered evidence found after the three-year limitations period, and the ground-of-fact exception only overcomes the statute of limitations if it could not have been raised within the limitations period.

954 N.W.2d 75, 76–77 (Iowa Ct. App. 2020) (internal citations omitted).

McKinnon's claim could have been raised within the three-year limitations period of section 822.3. Soon after the PCR court granted McKinnon's motion for depositions at State expense, the State filed a notice that it had served six interrogatories on McKinnon's counsel. On September 22, 2019, McKinnon

responded to those interrogatories. Every accusation of ineffective assistance McKinnon described related to acts or omissions by his trial counsel. He made no mention of prior PCR counsel. McKinnon's response to the interrogatory "Provide a full, complete, and detailed explanation of each and every way you claim 'actual innocence under the Iowa and U.S. Constitution' and that 'Applicant is innocent,'" is as follows:

> (1) The victim in this case made a statement to Mr. McKinnon and witness Rebecca (LNU) that Janice, the victim's grandmother, was making the victim claim abuse by Mr. McKinnon.
> (2) Mr. McKinnon was staying in a halfway house at the time some or all allegations occurred.

As was the case in *Quinn*, McKinnon's claim of actual innocence is not based on newly discovered facts that could not have been discovered during the three-year time frame. The district court sustained McKinnon's application for depositions at state expense. He had the opportunity to develop other facts and failed to do so. As noted by the PCR court, "[A]ll particulars disclosed in [McKinnon's] answers [to interrogatories] were known and available to McKinnon before he pled guilty. Inasmuch as McKinnon has come forward with no facts that could not have been presented during the three-year limitations period, his reliance on *Nguyen* is unavailing.[5] Finding no error, we affirm.

**AFFIRMED.**

---

[5] McKinnon also makes his *Nguyen* argument regarding *Allison*. But the change in law in *Allison* was also limited in scope—to petitions promptly filed after the conclusion of the first PCR. The critical time is not the days after *Allison* but the time since the conclusion of the first PCR; in this case nine months.