# IN THE COURT OF APPEALS OF IOWA

No. 23-1603
Filed March 5, 2025

**BRENDAN MICHAEL McGUINNESS,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Dallas County, Patrick Greenwood, Judge.

An applicant for postconviction relief appeals the district court's dismissal of his application as untimely. **AFFIRMED.**

Denise M. Gonyea of McKelvie Law Office, Grinnell, for appellant.

Brenna Bird, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

Considered by Greer, P.J., Langholz, J., and Carr, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2025).

**CARR, Senior Judge.**

Brendan McGuinness appeals the district court's dismissal of his postconviction-relief (PCR) application, arguing we should adopt equitable tolling and reinstate his application to allow for a full hearing on its merits. Upon our review for correction of errors at law, we affirm the district court's dismissal of the application. *See Castro v. State,* 795 N.W.2d 789, 793 (Iowa 2011) (applying correction-of-error review to dismissal of PCR applications); *Nguyen v. State*, 829 N.W.2d 183, 186 (Iowa 2013) (applying correction-of-error review to statute-of-limitations defenses).

## I. Background Facts and Proceedings

McGuinness pleaded guilty to first-degree murder and was sentenced on January 18, 2017. He did not directly appeal from that conviction or sentence. The statute of limitations for PCR expired on January 18, 2020. Iowa Code § 822.3 (2023) ("[PCR] applications must be filed within three years from the date the conviction or decision is final."). He filed the PCR application at issue here on May 30, 2023. The State moved to dismiss his petition as time barred and, at the dismissal hearing, McGuinness argued the district court should apply equitable tolling. Following that hearing, the district court dismissed his application as untimely.

McGuinness now appeals.

## II. Discussion

Conceding that the statute of limitations has expired for his PCR application, McGuinness argues we should adopt equitable tolling and reinstate his application to allow for a full hearing on its merits.

The statute of limitation under section 822.3 "does not apply to a ground of fact or law that could not have been raised within the applicable time period." We have "frequently held" that equitable tolling does not apply to Iowa Code section 822.3. *Johnson v. State*, 957 N.W.2d 13 (Iowa Ct. App. 2021) (citing *Smith v. State*, No. 19-0384, 2020 WL 110398, at *1 & n.2 (Iowa Ct. App. Jan. 9, 2020) (collecting cases)). And where equitable tolling does apply, the "party must show it diligently pursued its rights and some extraordinary circumstance beyond its control prevented timely filing." *Majors v. State*, No. 12-1090, 2013 WL 2637599, at *5 (Iowa Ct. App. June 12, 2013).

McGuinness does not argue that any ground of fact or law that could not have been raised within the applicable time period applies here. And he admits our court has "previously declined" to apply equitable tolling to PCR claims. McGuinness instead urges us to look to a selection of "federal rulings as well as rulings from other states" and depart from years of precedent. But his request raises justifications for equitable tolling that we have previously considered and rejected. McGuinness contends equitable tolling should be applied to his claim because it "concerns the due process right to access to the courts" and his "right to effective assistance of counsel."

McGuinness claims his right to access Iowa courts was inhibited due to his transfer to a New Jersey prison, writing in his May 30, 2023 filing that "I am now and have been for 2½ years deprived of all/any access to Iowa Law." He does not describe how his transfer inhibited his access to Iowa law beyond that New Jersey prisons "refuse to aid [him] in ferreting out cases, etc." He does not claim that he was denied access to such materials. And based on this claim, McGuinness would

have been in an Iowa prison for the entirety of the statutory period, not being transferred to New Jersey until approximately November or December 2020—nine or more months after the statutory period expired. Any difficulty McGuinness encountered in accessing Iowa legal materials would have occurred after the statutory period had run.

And McGuinness's argument that he has a "due process right" to effective counsel would indeed support his claim that he has an interest in safeguarding that right through an application for PCR. Yet it does not explain why the statute of limitations for PCR applications wrongly inhibits that right. No court ruled at any time during the statutory period that McGuinness did not have a right to effective counsel. Notably, he advances no ground of fact or law that could not have been raised within the statutory period.

Because equitable tolling does not apply to section 822.3 and, even if it did, McGuinness has not shown that he otherwise diligently pursued his rights, we affirm the district court's dismissal of his PCR application.

**AFFIRMED.**